STATE OF TEXAS V. Z. Z. SAVAGE.

No. 2287. Decided December 11, 1912.

1.—Local Option—Enforcement Pending Contest of Election.

Though pending the contest of a local option election the enforcement of the law in the territory in question is not suspended (Act of May 14, 1907, Laws, 30th Leg., p. 447) the question of liability on a bond given under such law for selling liquor on prescription is to be determined on appeal by the status of the law in the territory at the time of decision of the appeal. Where the appellate court has already determined, by its final judgment in the election contest, that the law was not in force, it is proper, in appeal from recovery on a bond given under the law so held invalid, to reverse and dismiss the case. (Pp. 469, 470.)

2.—Same—Judicial Notice.

The appellate court, in its determination of a case based on the fact

of the adoption of the local option law in certain territory, can take judicial notice of its own judgment in a contested election case holding that the law was not lawfully adopted or in force there. Such ruling was direct legal authority upon the question, by the tribunal having the ultimate power of determining it. There was no need of proving it as a fact. (Pp. 470, 471.)

Error to the Court of Civil Appeals, Second District, in an appeal from Potter County.

Action by the State against Savage, who appealed from a judgment for plaintiff. This was reversed and the case remanded, the State obtaining writ of error.

*Henry S. Bishop* and *Theodore Mack*, for plaintiff in error cited: Ennis Merc. Co. v. Wathen, 93 Texas, 622; Armendiaz v. Serna, 40 Texas, 303; Yale v. Heard, 26 Texas, 639; Chrisman v. Graham, 51 Texas, 454; Harris v. Reed, 47 Texas, 528; Brown v. Torrey, 22 Texas, 54; Hart v. Mills, 31 Texas, 304; Railway Co. v. Word, 51 Texas Civ. App., 207; Brooks v. Ellis, 98 S. W., 936; Jelinek v. State, 50 Texas Civ. App., 402; Railway Co. v. Arnett, 41 Texas Civ. App., 403; City of Paris v. Sturgeon, 50 Texas Civ. App., 519; Patrick v. Smith, 90 Texas, 267; Eidson v. Reeder, 101 Texas, 204; Willis v. Smith, 90 Texas, 635; Boggess v. Harris, 90 Texas, 476; Abbott Oil Co. v. Brewing Assn., 104 Texas, 574; Railway Co. v. McCray, 43 S. W., 275; Railway Co. v. Booton, 15 S. W., 909. Authorities in other States that the case in the appellate court must be tried on the record as made: Robertson v. Bank, 58 N. W., 715; Rogers v. Tennant, 45 Cal., 184; Magloughlin v. Clark, 35 Ill. App., 251; Essex v. Miller, 54 Iowa, 551; Century Digest, Title "Appeal and Error," sec. 2960.

*Williams & Stedman* and *Reeder & Graham*, for defendant in error.—Courts have gone great lengths in taking notice of their own records, as will appear from these authorities: Farrar v. Bates, 55 Texas, 193; Avocato v. Dell'Arra, 84 S. W., 444; Sawyer v. Bank, 41 Texas Civ. App., 486; Andrews v. Knox, 70 Ill., 66; Kiernan v. Portland, 122 Pac., 764; Story v. Ulman, 88 Md., 244; Dell v. McEllen, 121 Pac., 149; Cushman Paper Box Machine Co. v. Goddard, 95 Fed., 666; Barker v. Eastman, 192 Fed., 659; U. S. v. Teschmaker, 22 How., 403; Aspen Milling Co. v. Billings, 150 U. S., 31; Craemer v. Washington, 168 U. S., 124; In Re Boardman, 169 U. S., 39; Hancock v. Diamond Plate Glass Co., 75 N. E., 663; Denny v. The State, 144 Ind., 503; Cluggish v. Roons, 43 N. E., 161.

In the first place the statute inevitably leads to that result. While the statute makes the declaration and publication of the result of the election in favor of prohibition, practically put the law in force until the contest is ended, it makes the result of that contest at once conclude all question on the subject. And when such result is that the election was void, it follows that there was never any law under which such a liability as that here asserted could have arisen or existed. Appellate courts, as well as other courts, must found their judgments upon law. They cannot affirm a judgment on a law which once existed, but has ceased to exist when they come to act, if there be no

other support for such judgment.    United States v. Schooner Peggy, 1 Cranch, 103; Sherman v. Langham, 92 Texas, 13; Galveston, etc., R. R. Co. v. Jackson, 93 Texas, 262; Etter v. Md. Ry. Co., 2 App. Civ. Cas., 58; Texas, etc., R. R. Co. v. Southwestern Tel., etc., Co., 24 Texas Civ. App., 198; Johnson v. Rolls, 97 Texas, 453; State v. Schuenemann, 18 Texas Civ. App., 485.

Mr. Justice Phillips delivered the opinion of the court.

This was a suit in which the State of Texas, on March 4, 1910, recovered a judgment in the District Court of Potter County upon a liquor dealer's bond entered into on September 11, 1908, by Z. Z. Savage as principal and the other defendants in error as sureties, to enable Savage to conduct the business of selling intoxicating liquors on prescription as permitted by the local option law, which had been declared by the proper authorities to be in force in that county as the result of a local option election held on December 3, 1907. From the judgment in favor of the State the defendants appealed to the Honorable Court of Civil Appeals for the Second District. The local option election held in Potter County on December 3, 1907, was contested, and the case was likewise appealed to the same Court of Civil Appeals. Subsequent to the rendition of the judgment in the present case, and while its appeal was pending in the Court of Civil Appeals, the court decided the appeal in the election case, and, in holding that the election was void, in effect adjudged that the local option law, which, as supposed at the time, required the execution of the bond on which the judgment here was founded, had never been in force in Potter County. Savage v. Humphries, 131 S. W., 291. In consequence of the decision of the court in the election case, these defendants thereupon filed in that court a motion that the present judgment be reversed and the cause dismissed. The motion to dismiss was sustained by a majority of the court and judgment was rendered in, favor of the defendants, upon the ground, as stated in the opinion, that the court took judicial notice of its decision in the election case, and as it had itself therein decided that there was no law requiring the bond there could be no recovery for its alleged violation. Mr. Justice Speer entered his dissent, holding that the question as to whether the local option law had been adopted in Potter County was one of fact, and so remained notwithstanding the judicial determination of the Court of Civil Appeals; that the court could not take cognizance of its own decision in the election case without proof of such decision in the record, and as the record did not disclose it, and none of the errors complained of was reviewable in the state of the record in the other respects, the judgment of the trial court should be affirmed.

The members of the Court of Civil Appeals were unanimous in the holding that the provision of the Act of the Thirtieth Legislature (chapter 8, p. 447, Acts 1907) relating to the contest of a local option election, which declares that "pending such contest the enforcement of the local option law in such territory shall not be suspended," was without application to the case, for the reason that after the court's decision of the election case, the contest of the election was no longer

pending, and the question of liability upon the bond was to be determined by it according to the status of the local option law in the county named at the time of its decision of the appeal. To our minds there can be no question as to the soundness of this position. A valid election resulting in the legal adoption of the law was essential to the accrual of any liability upon the bond, for, as is said by the court, if the local option law had not been adopted in the county there was no law requiring the bond. The condition of the bond was in purpose and effect that the principal would not violate the law by making sales other than those permitted by it, that is upon prescription, and if there was no law to violate there could be no actionable breach of the bond. The decision of the Court of Civil Appeals in the election case was that the local option law had never been in force in the county as the result of the election of December 3, 1907, and there was, therefore, no law upon which the validity of this bond as a penal obligation might rest.

It is contended by counsel for the plaintiff in error that the judgment upon the bond is entitled to affirmance by virtue of the provision of the Act of 1907, above quoted, inasmuch as the constitutionality of that provision was upheld by the Court of Criminal Appeals in Ex-parte McGuire, 57 Texas Crim., 38, 123 S. W., 425, in which connection it is urged that we should follow the decisions of that court upon questions involving the penal laws. Such, generally, is the duty and habit of this court. State v. Schwarz, 103 Texas, 119. In Ex-parte McGuire the Court of Criminal Appeals, under the authority of the Act of 1907, refused, while the contest of the election herein referred to and involved in Savage v. Humphries was still pending, to release by habeas corpus a relator charged with the violation of the local option law declared by the proper authorities to have been adopted by the election. In the later case, however, of Henry v. State, 61 Texas Cr., 187, that court, on the appeal, dismissed the prosecution against a defendant found guilty of violation of the local option law in Potter County while the contest of this election was pending, upon the ground that since the judgment of conviction the decision in Savage v. Humphries had settled that the law had never been in force in the county and that the prosecution was, therefore, without authority of law. In other words, in that case the court applied the rule that if, after conviction for a criminal offense, it is finally determined that the law upon which the conviction rests is invalid or was not in force, the court will decide the case on appeal according to the status of the law at that time. Actions on penal bonds of this character are governed by the same principle. Giving it effect because of its force as a rule of decision of the Court of Criminal Appeals upon a question involving a penal law of the State, as we are urged to do by the plaintiff in error, and because, as well, of our opinion of its soundness, it follows that the holding of the Court of Civil Appeals upon this feature of the case was correct.

The case is therefore to be determined, in our opinion, solely by the law of judicial notice. The Courts of Civil Appeals are essentially appellate in their character and have not the power to ascertain facts in the first instance, unless necessary to the proper exercise of their

jurisdiction within the purview of Art. 998, Revised Statutes of 1895. The question as to whether the local option law had been legally adopted in Potter County necessarily affected the decision by the Court of Civil Appeals of this case, whether considered as one of fact or law, but it did not involve "the proper exercise of its jurisdiction." It had no bearing upon the court's jurisdiction of the case as distinguished from its decision of it, and therefore had no relation to the exercise of its jurisdiction. But in the use of their powers as courts of review the Courts of Civil Appeals are at liberty to ascertain the law as embodied in their own decisions or the decisions of other appellate courts and make application of it if in their opinion it is of influence in the determination of the case under consideration. To deny to the court in its deliberation upon this case the right to consult its own decision in the election case, in which it had judicially determined and declared the status of the local option law in Potter County, is to say, it seems to us, that that decision is to be regarded only as a fact and cannot be regarded as a declaration of law in itself conclusive of the case before it. Because ordinarily in cases involving the local option law it is required that certain proof be adduced to establish that the law is in force, is it necessary for an appellate court, in its consideration of a case in which the judgment depends upon the existence of such law, to be advised by proof that it had itself decided that the law had never been in force and, in effect, that there was no law to support the judgment? In other words, because ordinarily the existence of the law is a question of fact, is a conclusive appellate court decision, which declares the law never existed, to be regarded also merely as a fact to be proven before given effect?

To so hold is but to affirm that an appellate court decision is only a piece of evidence. It is to say that whether it is authority unless proven depends upon the character of the legal question decided. It confuses the mode by which the local adoption of a law of this kind is established with the judicial determination by a court of last resort of the status of the law itself. It confounds a status of a law as fixed by such judicial decision with one ordinarily the result of proof, and denies to the decision so fixing its status the authority of law because the adoption of the law in other cases is a matter of evidence.

The jurisdiction of the Court of Civil Appeals over the election case was final. By the act of the Thirtieth Legislature its decision in that case conclusively determined the status of the law in Potter County as it related to the bond in this case. It was binding not only upon itself but upon all inferior courts in the subsequent adjudication of all cases affected by the law. As the decision of a court of last resort upon a question duly presented and passed upon, it became a part of the law of the State, and its authority as a holding that the law in question had not been adopted in Potter County no more depended upon its proof than would its decision upon any other question.

It is an accepted rule that an appellate court cannot consult the record in another case to ascertain a fact not shown by the record in the case before it. Armendiaz v. Serna, 40 Texas, 291. But it can go to its decision in another case for the law that is determinative of

or applicable to the case under review. Whatever such decision has declared to be the law upon the question decided is the law because of the authority of the court to declare it, and not because it may be established by evidence that the decision was rendered. If the decision involves a law of this kind that is required to be proven before given effect, its validity, or whether it has been legally adopted, that the law is of such character cannot deprive the decision of its force as authority upon the legal question decided, or determine whether it may be so recognized by the court in its consideration of other cases.

In its decision in the election case the Court of Civil Appeals determined as a matter of law that the local option law had not been adopted in Potter County. The direct question in the case was the validity of the election, and in holding that the election was invalid it was necessarily determined as a matter of law that there had been no adoption of the law, thereby fixing its legal status. It was not merely probative of the status of the law, as it must be held if it was required to be proven before it could be considered. It was direct legal authority upon the question as pronounced by the tribunal having the ultimate power of determining it. No higher authority existed or could exist upon the question. It possessed unproven all of the authority that it would have had if proven, and if it had been possible for it to be introduced in evidence and incorporated in the record it would have been serviceable to the court, not as proof but only as a legal authority. The court in our opinion had the undoubted right to take judicial notice of the decision and to decide the present case in the light of its holding. It would prove highly embarrassing to an appellate court to be compelled to ignore its own decisions upon questions of like character and to give effect in its judgments to laws that it had itself declared were invalid or had not been legally enacted or adopted; and we do not think that it should be so fettered by a technical rule.

The same question was so decided by the Honorable Court of Civil Appeals for the Fifth District through Mr. Justice Talbot in Edgar v. McDonald, 106 S. W., 1135; and the same rule was applied by Mr. Justice Neal in Avocato v. Dell' Ara, 84 S. W., 444. This holding is further supported by the following authorities: Butler v. Eaton, 141 U. S., 243; Thompson v. Maxwell Land Grant Company, 168 U. S., 456; Bienville Water, etc., Co. v. Mobile, 186 U. S., 217; Alexander v. Gish, 17 S. W., 287 (Ky.); Cash v. The State, 10 Hump., 111 (Tenn.); Allen v. Swoope, 64 Ark., 579; Mower v. Kemp, 42 La. Ann., 1015; Poole v. Seney, 70 Iowa, 275; Town of South Ottawa v. Perkins, 94 U. S., 268.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*