## A. H. BEASLEY v. THE STATE.

No. 13721. Delivered December 3, 1930.
Rehearing Denied November 18, 1931.

198

The opinion states the case.

*Max Coleman* and *Schenck & Triplett,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, three years in the penitentiary.

The record contains five bills of exception, none of which present error. The conviction was upon the count in the indictment charging the unlawful transportation of intoxicating liquor. The fact that appellant was seen to carry a hand satchel from his Ford car to the car of other parties which approached his, and take something out of the hand satchel and place it in the other car, was admissible in view of the fact that later in this same hand satchel was found whisky. The above fact and also the further fact of appellant moving his car from one place to another, were proper subjects of comment as being circumstances bearing upon the question of his transportation of such liquor. It would be manifest that when appellant's counsel saw fit to argue the absense of appellant's wife, the state would have the right to reply in kind. There was no error in admitting testimony showing that upon a search of appellant's car there was found some four gallons of whisky in it, the objec-

tion to this testimony being that the officer had no search warrant. The search was made upon express permission given by appellant.

We find in the record exceptions to the charge of the court. One ground of exception is that it did not present the affirmative defense. Appellant introduced no testimony supporting any affirmative defense. The court is not required to charge upon any issue not supported by testimony. Another ground of exception was the failure of the court to charge on the law of circumstantial evidence. The record shows that appellant's testimony given upon his preliminary hearing was testified to without objection, and from same it appears that appellant then testified that on the occasion in question he went out in the country some six or seven miles from Levelland and bought a half gallon of whisky, which he claimed to be the whisky found in his possession. He said the rest of the liquor found was colored water. Appellant admitted that the liquor belonged to him, and that he bought it out in the country, in Hockley county. He was seen by officers in Levelland on the day of his arrest, to drive his car from point to point, and the county attorney testified that he observed appellant drive his car to the point where it was presently searched and the eight gallons of whisky found in it. We think the testimony obviates any necessity for a charge on circumstantial evidence.

Appellant complains of the overruling of his application for continuance. There is in the record no separate bill of exception drawn up and presented to the court for his approval after the trial ended complaining of the overruling of the application for continuance. The record before us shows that on April 7th appellant presented his application for continuance because of the absence of certain witnesses, at the end of which appears the following order:

"On this the 7th day of April, 1930, came on to be heard the defendant's second application for continuance, and the supplement thereto and the same having been considered by the court, it is in all things overruled and denied, to which action and ruling of the court the defendant in open court then and there excepted and objected and is allowed this as a bill of exception to be filed as a part of the record in the case. Homer L. Pharr, Judge Presiding. Filed April 7, 1930, J. Warren Pearcy, Clerk District Court."

Appellant having accepted this as his bill of exception complaining of the overruling of his motion for continuance, and there appearing in the record no other bill upon this point or in anywise presenting this matter, this court must take this as the only bill of exception regarding the overruling of the application for continuance.

Under all the rules a bill of exception must within itself be complete, and this court is not required to refer to other parts of the record for any information to ascertain whether the matter complained of therein

be shown to be erroneous. As far as we know this court has uniformly given as one of its reasons for requiring a bill of exception to the overruling of an application for continuance, that it be complete in order that this court might know therefrom that the witness alleged to be absent, did not appear and give testimony upon the trial, or that the absent testimony referred to was not given by other witnesses upon the same point, etc. The authorities are numerous. There is nothing in this bill of exception relating to the refusal of what is manifestly a second application for continuance, which gives us any information upon either of these propositions. This bill of exception is not sufficient to manifest any error.

The judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The conclusion has been reached that the bill of exception is sufficient to require a review of the action of the court in refusing to grant the appellant's second application for a continuance, which embraced the names of several witnesses. As to none of them, however, save the appellant's wife, was there an averment that the testimony desired could be obtained from no other source known to the appellant. In the particular mentioned, the application, so far as it depends upon witnesses, except the wife of the appellant, is defective. See subdivision 1, article 544, C. C. P., 1925; Tinker v. State, 269 S. W., 778.

The testimony expected from the absent witness was in substance that she was with the appellant when he acquired the whisky and that he did not possess it for sale but for medicinal purposes; that it was not transported or moved by him after he acquired it. The affidavit of the witness attached to the motion for new trial goes into detail attending the acquisition of the whisky by the appellant. It is in substance as follows: The witness and the appellant went to a place called Levelland and met two persons by the name of Abel, who informed the appellant that they desired some whisky. Appellant told them that whisky could be obtained from a man by the name of George. The appellant and the Abels went to George's place to purchase whisky. The witness did not go with them. Appellant returned to Levelland and parked his car at the Chevrolet garage. The Abels were in their car nearby. Later George appeared and took from his car four gallons of whisky and placed them in the appellant's car. Appellant placed half a gallon of it in a satchel and the remainder was put in the back of his car. At the time the officers arrived the car had not been moved since the whisky was placed in it.

The Abel brothers departed while the whisky was being transferred from George's car to that of the appellant.

The officers testified that they had observed the car while it was parked at the garage and did not see George or any other persons put the package in the appellant's car; that they observed closely the appellant's movements and saw him take a satchel out of his car and approach a car that was nearby.

Appellant introduced, through the county attorney, his testimony given upon the examining trial, in substance to the effect that the witness was left by him at Levelland while he went into the country and bought a half-gallon of whisky and brought it from another county in his own car; that with the exception of the half-gallon mentioned, the other liquid in the car was colored water. The state's testimony was positive to the effect that the four and one-half gallons of liquid found in the appellant's car was whisky. The proffered testimony of the appellant's wife would have been contradictory of his own testimony given upon the examining trial and introduced by him upon the present trial. It would have been in conflict with the averment in the application for a continuance that she was present when the whisky was purchased. The proffered testimony is that he did not transport the whisky, but that if he did so, it was transported for medicinal purposes. The trial judge manifestly concluded in overruling the new trial that the proffered testimony of the appellant's wife was not such as would probably have brought about a different result. This court is not able to say that in reaching such a conclusion the trial judge abused the discretion which was vested in him by law.

As to testimony the witness would give relative to appellant's stating to her two or three hours before he bought the whisky that he was ill and needed it for medicinal purposes, it is observed that the declaration would have been self-serving. Hence such declaration would have been inadmissible upon the trial of the case. See Woods v. State, 115 Texas Crim. Rep., 373; Hart v. State, 57 Texas Crim. Rep., 21, 121 S. W., 508; Hardeman v. State, 61 Texas Crim. Rep., 111, 133 S. W., 1056; Hardy v. State, 86 Texas Crim. Rep., 515, 217 S. W., 939; Watt v. State, 90 Texas Crim. Rep., 447, 235 S. W., 888. The declarations were in no sense res gestae.

The motion for rehearing is overruled.

*Overruled.*