# DECEMBER 8, 1937

### OLIN BUFORD v. THE STATE.

No. 19143. Delivered December 8, 1937.

The opinion states the case.

*E. G. Pharr,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to rob, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's main complaint is that the court erred in declining to sustain his motion to quash the indictment on the ground that it fails to charge that the assault was made upon Will Pratt by appellant with intent to rob, nor the means used or the kind of property sought to be taken from the alleged assaulted party. We are unable to agree with his contention. The indictment omitting the formal parts reads as follows: "That on or about the 28th. day of December A. D. 1936 and anterior to the presentment of this indictment in the county and State aforesaid Olin Buford did then and there unlawfully in and upon Will Pratt, did make an assault, and did then and there by said assault, and by violence upon said Will Pratt, and by putting the said Will Pratt in fear of life and bodily injury, attempt to fraudulently take from the person and possession of said Will Pratt the personal property of the said Will Pratt with the intent then and there to appropriate said property to the use of him, the said Olin Buford etc." Art. 1408, P. C., provides as follows: "If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished," etc. Art. 1163, P. C., provides as follows: "If any person shall assault another with intent to commit the offense of robbery, he shall be confined to the penitentiary not less than two nor more than ten years." In the case of Crumes v. State, 28 Texas Crim. Rep., 516, this court said:

"In an indictment for an assault with intent to rob, it is not necessary to describe the property which the defendant intended to take, nor is it essential to aver that the defendant intended to deprive the owner of the property or the value of it." In the instant case the indictment charges all the elements of the offense and therefore the motion to quash was properly overruled.

Appellant next contends that the court erred in overruling his second application for a continuance. The application was insufficient in that it was not alleged that the desired testimony could not be obtained from any other source known to the defendant as required by Art. 544, C. C. P.

The other bills of exception can not properly be appraised in the absence of a statement of facts. It appears from the record that sometime after court adjourned appellant made and filed with the clerk of the court an affidavit in which he averred that he was financially unable to pay for the statement of the facts or any part thereof, or to give security therefor, but the record fails to show that the matter was ever brought to the attention of the court or that the court made or declined to make any order with reference thereto, hence no reversible error is shown.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.