EUGENE CHARLES TERWILLINGER V. THE STATE.

No. 23206. Delivered November 7, 1945.
Rehearing Denied January 9, 1946.

The opinion states the case.

*Preston P. Reynolds,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of robbery by the use of firearms and his punishment was assessed at confinement in the state penitentiary for a term of fifty years.

The testimony adduced upon the trial, briefly stated, shows that on the night of December 26, 1944, appellant and one, Joseph Allen Owens, by the use of a pistol, robbed Joe Whitlock, a cab driver, of approximately eight dollars in money. They then took the cab and drove away. A few minutes later they were apprehended by the officers and found to be in possession of the property which they had taken from Whitlock. Appellant also had a pistol on his person which the State's evidence shows he used in the commission of the offense.

When his case was called for trial, appellant, by and through his attorney, waived a special venire and agreed to be tried by the jury selected from the regular panel for the week. He informed the court of his desire to enter a plea of guilty. Thereupon the court gave him the statutory warning and admonished him of the consequences of his plea, but notwithstanding such warning he entered such a plea. The jury, who heard the evidence, received the law applicable to the case from the court in his charge, found him guilty and assessed his punishment as above stated.

No complaints were registered with the trial court to any of the proceedings until after the jury had convicted him. Appellant then, for the first time in his motion for new trial, made the following complaints: (1) That he had not been served with a true copy of the indictment; (2) that he had not been accorded a special venire; and (3) that he entered a plea of guilty by reason of promises of compassion on the part of the

District Attorney and that these promises were not complied with. The trial court heard evidence relating to the matters complained of in the motion and at the conclusion thereof overruled the same to which appellant excepted.

His first complaint is that he was not served with a true copy of the indictment. He raised the question for the first time in his motion for a new trial. In 23 Tex. Jur. p. 600, sec. 9, we find the rule there stated to be as follows:

"An objection that the copy is not correct must be made before announcement of ready for trial, and any irregularity in the copy is waived when the accused proceeds to trial without calling the court's attention thereto."

Appellant's next complaint is that he was deprived of the right accorded him by law to be tried by a jury selected from a special venire. The question here presented, as we view it, does not rest upon a denial of that right, but upon whether or not he waived it. We find in the judgment of the court the following recitation:

"The State appeared by her Criminal District Attorney, and the Defendant, Eugene Charles Terwillinger, appeared in person, his counsel also being present, and both parties announced ready for trial, and the said defendant in open Court in person pleaded 'Guilty' to the charge contained in the indictment; thereupon the said Defendant was admonished by the Court of the consequences of said plea, and the said Defendant persisted in pleading guilty; and it plainly appearing to the Court that the said Defendant is sane, and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him to confess his guilt, etc."

We find in Paragraph 9-C of Defendant's Amended Motion for New Trial, the following averment:

"That, by reason of understanding aforesaid with State's counsel, this defendant waived the vital legal right of a special venire, as provided in capital cases, thereby parting with a vital bulwark essential to the securing of a fair and impartial trial of this cause on its merits, which would have been done, had defendant not been induced to enter the plea of 'guilty' as aforementioned."

The trial court states that he was not advised of any agreement between State's counsel and that of the defendant. Con-

siderable evidence was offered relative thereto on the hearing of the motion, but when it is all summed up, viewing it in its most favorable light to defendant, it amounts to nothing more than that the District Attorney would not "bear down" too hard on defendant in the prosecution. If it should be conceded that the District Attorney made the aforesaid agreement, who was to determine when he transcended its limitations? Was it left to the defendant, the District Attorney or the court, who knew nothing of any such agreement? If left to either, then by what rule or measure was the same to be determined? It is quite obvious that the matter was left in such state of uncertainty that this court cannot possibly decide when, if ever, the District Attorney went beyond the boundary of his agreement, if he did so at all. However, the trial court heard evidence pro and con relative thereto and decided the issue adversely to appellant, and we would not be justified, under the facts before us, to hold that he abused his discretion to the prejudice of appellant.

It appears to us from Paragraph 9-C of appellant's motion for new trial, which we have hereinabove copied, that he did not waive a special venire by reason of any promises or agreement on the part of the District Attorney but that he was induced by the agreement to enter a plea of guilty. However, this is controverted by the judgment of the court which we have also quoted above. An accused may waive any right except the right of trial by jury in capital cases. See Art. 11, C. C. P. Consequently, he has the right to waive a special venire and agree to be tried by a petit jury drawn for the particular week in which the case is set for trial and still have a trial by jury. See Collins v. State, 47 Tex. Cr. R. 303. In the case of Farrar v. State, 70 S. W. 209, 44 Tex. Cr. R. 236, a question similar to the one here presented was before this court and was decided adversely to him.

We have carefully considered all other complaints brought forward and reached the conclusion that they are without merit.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's motion herein consists largely of a repetition of the claimed errors complained of upon the original hearing, and which have been noticed in our original opinion.

His most serious contention now seems to be that he had entered into an agreement with Assistant District Attorney Martin, in which Martin agreed that if appellant would enter a plea of guilty, that the State would not "bear down" hard on appellant, and that appellant's previous record as a criminal would not be mentioned in the trial hereof. In this matter a denial was filed by the Assistant District Attorney under oath, and at the hearing of the motion for a new trial, the issue was joined. The testimony of the appellant's attorney supported his allegation, and he had no further support save that of appellant. C. V. Compton, a Parole Board officer who was present at such conversation, denied having heard such a statement. In fact, he said that nothing was said about using in evidence appellant's previous criminal record. Mr. Haney, who represented a co-defendant, denied having heard such conversation. Mr. Martin's affidavit also denied having any such conversation as alleged by appellant's attorney in his motion. True it is that appellant has attached to his motion a photostat of a letter from Mr. Martin dated long after this case was filed in this appellate court, which appellant contends is contradictory of Martin's sworn affidavit given at the time of the hearing of the motion for a new trial. We cannot consider such matters filed, as was this, long after the case has been closed in the lower court, with no chance for the State to answer such matters, and also, we are not of the opinion that such letter, should same be considered, would be helpful to appellant's contention that his past criminal record would not be alluded to by the State in his trial. Appellant pleaded guilty to robbery with firearms after having received the statutory warning. The testimony of the injured party was clear and convincing that appellant and another put a pistol in his back and took his money and his car; that they were caught in about two or three blocks with the stolen car; that they had the money and the pistol. However, appellant, after his plea of guilt, offered the mitigating defense that he had recently smoked a marihuana cigarette and did not exactly know what he was doing at the time of the robbery; that everything was hazy in his mind. Finally, he testified that he had no intent to rob at

the time, whereupon he was advised by the court that if he had no intent to rob, he could not be guilty of robbery and would have to change his plea of guilt; whereupon the question and answer were withdrawn by his counsel, and he again informed the trial court that he was guilty. The court, however, on account of the marihuana incident, gave the jury a proper instruction relative to temporary insanity superinduced by the use of a narcotic, and that such insanity, if thus produced, could only be used in mitigating the penalty if the jury so desired.

The careful trial judge heard the witnesses on this motion for a new trial and evidently discarded appellant's version of an agreement with the Assistant District Attorney, and we confess our inability to see any different solution of the controversy.

The motion further complains because of the fact that a co-defendant is supposed to have received a lighter penalty for his participation in this robbery, and it seems to be his thought that this motion should be granted in order to allow the two penalties to be the same for each offender. Many elements enter into a jury's verdict; possibly they took into consideration the fact that appellant was the person in possession of the pistol, that he threatened to "blow in two" the party robbed; that appellant was driving the stolen car when captured, and had the pistol concealed on his person at such time; also the jury, in the case of the co-defendant, may have been more liberal-minded than appellant's jury. In any event, it is not shown by the record what verdict, if any, the co-defendant did receive, and any argument based thereon is not sound. The statute leaves such punishments open from five years to death, and when a person enters into such a crime, he is bound to know that, under the law, his life could be exacted as a penalty for such an offense. In this case, he has a merciful jury to thank for his verdict.

We see no reason to recede from our original opinion herein, and the motion will be overruled.