The judgment is reversed and the cause remanded.

## Ex parte TERWILLINGER.

### No. 24940.

Court of Criminal Appeals of Texas.

June 23, 1950.

Bracewell & Wright, Huntsville, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Relator filed his application for writ of habeas corpus before Hon. Max M. Rogers, Judge of the 12th Judicial District of Texas, alleging the invalidity of the judgment of conviction under which he is incarcerated in the penitentiary. The basis of such contention was that the judgment was upon a plea of guilty upon trial before the court of the capital felony of robbery with firearms. A copy of the judgment certified as correct, and showing such a trial without a jury, was offered on the hearing before Judge Rogers. Certified copies of the judgment and sentence and the certificate of the judge who presided at the trial showing it to have been a trial by jury was offered by respondent.

Relator appealed from the judgment of conviction in question, and the transcript in our Cause No. 23,206 reveals that the trial

was had before a jury. The opinion on said appeal (Terwillinger v. State, 149 Tex.Cr. R. 79, 191 S.W.2d 481) discloses also that the trial of Relator was a trial before a jury.

■ Being records of this court, we are authorized to consider the same.

We are unable to account for the existence of the incorrect copy showing a trial before the court. Nor can we understand how Relator, who was present at the trial, can explain his allegation that he was tried without a jury.

Judge Rogers granted the writ and made it returnable before this court as provided in Art. 119, Vernon's Ann.C.C.P.

■ Relator being lawfully restrained, the relief prayed for is refused and Relator is remanded to the custody of the penitentiary authorities.

Opinion approved by the Court.