## JOE ZAMORA V. STATE.

No. 26,005. November 5, 1952.
Rehearing Denied December 10, 1952.

*M. C. Gonzales* and *Joe F. Brown,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *James C. Onion,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Under an indictment charging the offense of assault with intent to murder and two prior felony convictions, appellant was convicted of the offense of aggravated assault and his punishment assessed at a fine of $1,000 and two years in jail, being the maximum punishment affixed to that offense under the provisions of Art. 1148, Vernon's P. C.

The difficulty out of which this conviction arose occurred about three o'clock on the morning of September 15, 1951, outside of and near a beer tavern. All the parties had been drinking. It appears that appellant's automobile was parked in such manner as to block the exit or passage of the automobile of Meyers, the injured party. Meyers honked the horn of his car, seeking thereby to have appellant move his car. Instead of mov-

ing his automobile, appellant told Meyers to drive around him. In attempitng to do so, Meyers' car slid in a ditch and bogged down in the mud. This angered Meyers, for he blamed appellant for the situation. An argument between appellant and Meyers terminated in Meyers hitting appellant with his fist and almost knocking him down.

Thereupon, appellant drew his pistol and, as he did so, Meyers "took off running" with appellant pursuing and firing at him. According to the testimony of Meyers, seven shots were fired at him at three different intervals, one bullet striking the back of his head and inflicting what a doctor in his testimony described as a "linear scalp wound." According to Meyers, after he had been struck by the bullet appellant overtook him and snapped the pistol in his face, threatening and saying that he was going to kill him and at the same time kicking him with his feet.

Appellant admitted firing some shots, but testified that they were fired into the air and not at Meyers. He denied any intent to kill, though admitting that he struck Meyers and knocked him down and also that he kicked him.

The testimony of Meyers authorized the jury's conclusion that appellant was guilty of aggravated assault not only by the use of a deadly weapon but also by the infliction of a serious bodily injury.

Bills of Exception appear complaining in various ways of the receipt in evidence of the testimony as to the prior convictions. It is not necessary to discuss these in detail because, under the charge of the court and the finding of the jury, the prior convictions passed out of the case when the trial court expressly instructed the jury that in no event could same be considered upon the issue of appellant's guilt. As the jury acquitted appellant of the felony offense of assault with intent to murder, the prior convictions were not applied to the offense of aggravated assault as enhancing punishment.

Complaint is made of the overruling of a first motion for a continuance because of the absence of the witness Foster, by whom appellant asserted he could have corroborated his defensive theory. The motion, upon its face, shows that the witness was beyond the jurisdiction of the court and in a distant state with no fixed or permanent residence. There is nothing in the

record to indicate that the attendance of the witness could be secured by a continuance of the case at some future time.

We are unable to conclude that, in view of the circumstances stated, the trial court abused his discretion in overruling the motion for a continuance for that reason. Authorities supporting such conclusion will be found collated under Note 31 of Art. 543, Vernon's C. C. P. See, also, Tindel v. State, 80 Tex. Cr. R. 14, 189 S. W. 948; Hoover v. State, 107 Tex. Cr. R. 600, 298 S. W. 438; Aston v. State, 120 Tex. Cr. R. 534, 48 S. W. (2d) 292. (2) 292.

If we correctly understand appellant's Bill of Exception No. 2, he asked, during the voir dire examination of the prospective jurors, to "be granted permission by the Court to interrogate the complaining witness in said cause . . . for the purpose of enabling Counsel for the Defendant to intelligently interrogate the jury panel." Appellant's complaint is of the overruling of this request.

The bill of exception is indefinite; nowhere therein is there shown about what appellant desired to interrogate the complaining witness, nor is it shown wherein such questioning could have been of any material assistance in selecting the jury. The bill fails to reflect error.

We are unable to conclude that reversible error is presented by the record. The judgment of the trial court is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant now urges that the trial court erred in overruling his objection to the charge for failure to submit the issue of simple assault and cites Roddy v. State, 136 Tex. Cr. R. 496, 126 S.W. 2d 669, and Crowley v. State, 146 Tex. Cr. R. 269, 174 S.W. 2d 321.

In the Crowley case Art. 1141 P.C. Sec. 3 was quoted, and it was held that one who unlawfully shoots a gun with intent to alarm or scare another is guilty of simple assault in the absence of an intent to injure, even though it is made with a deadly weapon, where no injury is inflicted. The conviction was reversed

for failure of the trial court to charge on the issue of simple assault under the rule stated. Roddy v. State reaches a similar conclusion.

The trial court in the instant case submitted the issue raised by appellant's testimony that he shot the pistol into the air to stop Meyers from running away and instructed the jury that if they so found, or had a reasonable doubt thereof, to acquit appellant. This was more than appellant was entitled to under the authorities cited. Under the provisions of Art. 666 C.C.P., the error not being calculated to injure the rights of appellant and he not having been deprived of a fair and impartial trial, reversal of the conviction is not called for.

We remain convinced that the appeal was correctly disposed of on original submission.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.