Richard **GERZIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42383.

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Jeffrey H. Hubbard, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for assault with intent to rob; the punishment, ten years.

The record reflects that Nathan Smith attempted to rob a liquor store operated by M. A. Mouritsen and his wife while Richard Gerzin, the appellant, was waiting in a nearby station wagon. A few minutes before the assault Richard Gerzin went into the store, purchased a half pint of whiskey and left. Approximately fifteen minutes later Mouritsen, while walking his dog, saw appellant in a station wagon with Nathan Smith. Mouritsen stayed at a corner approximately a hundred feet from the liquor store for about ten minutes and observed the two men drinking whiskey. Smith got out of the station wagon, passed by and told Mouritsen that he had a nice dog. Mouritsen then returned to the store, saw Smith walk by and look, return and look in the store again. Mouritsen decided that they were going to be robbed, went to the back of the store, got a shotgun and stood behind a curtain.

Within approximately three minutes Smith entered the store and asked for a half pint of whiskey. As Mrs. Mouritsen turned to get it, he pulled a sawed-off shotgun from underneath his overcoat and said, "I guess you know what this means," and she replied, "Yes" and opened the cash register. Smith became aware that Mouritsen was behind the curtain and told him to come out or he would shoot. Mouritsen replied that he had a gun and told Smith to drop his gun. When Smith refused to do so Mouritsen shot and killed him and then ran to the street corner. The station wagon had been turned in the opposite direction. Mouritsen ordered Gerzin to get out, but instead he backed the station wagon into a parking lot, turned on its bright lights, blinding Mouritsen momentarily and drove away. Mouritsen fired at the station wagon as it left.

Within approximately an hour after the robbery, the station wagon fitting the description given by Mouritsen with bullet holes in the rear was found parked and locked. An officer concealed himself and waited. Within eight minutes appellant came, unlocked and entered the station wagon and started the engine. Officers drove up, arrested Gerzin and found a 303 caliber rifle in the station wagon.

At the penalty stage of the trial, after hearing evidence that Gerzin had been convicted for robbery in California, the jury assessed his punishment.

■ In the first ground of error it is contended that the State did not show that the offense of assault with intent to rob was proved.

Smith, who was wearing an overcoat on a warm night, had walked by and looked into the store twice. When he pointed the sawed-off shotgun at Mrs. Mouritsen and stated, "I guess you know what this means," she said, "Yes," and opened the cash drawer. There were sufficient facts and circumstances for the jury to conclude that the intent was to rob.

Gage v. State, 124 Tex. Cr.R. 679, 65 S.W. 2d 306, relied upon by appellant, is distinguishable. There a special officer was driving down a road when one Daniels waved a pistol. By the time the officer had stopped his car, Daniels had put the pistol in his pocket. Gage was about twenty feet from Daniels. The court pointed out that it was undisputed that Daniels did not indicate by any word or act that he intended to rob.

■ It is next contended that the evidence is insufficient to show that Gerzin acted as a principal with Smith.

There was sufficient evidence for the jury to conclude that Gerzin was waiting in the station wagon with the engine running ready to take Smith from the scene. This Court has held where the evidence shows participation in a robbery by driving the get-away car the evidence was sufficient to show guilt. Greer v. State, 168 Tex.Cr.R. 485, 329 S.W.2d 885, and Davila v. State, Tex.Cr.App., 388 S.W.2d 944.

The first and second grounds of error are overruled.

■ In the third ground of error complaint is made that the indictment did not contain an allegation as to the kind, type or amount of the property intended to be taken.

An indictment need not contain a description of the property intended to be taken when an assault with intent to rob is charged. Buford v. State, 133 Tex.Cr.R. 320, 111 S.W.2d 258; 4 Branch's Ann.P.C. 2d, Sec. 1892, p. 221.

The third ground of error is overruled.

There being no reversible error, the judgment is affirmed.