**J. B. WHITE, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 46017.

Court of Criminal Appeals of Texas.

April 4, 1973.

Emmett Colvin, Jr. and Lawrence B. Mitchell, Jerry R. Birdwell, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Hut-tash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The conviction is for possession of heroin; the punishment was assessed at confinement in the state penitentiary for 10 years and one day.

Six grounds of error are raised in this appeal.

The record reflects that on April 4, 1971, Dallas narcotics agents set up a surveillance of appellant's apartment. They observed appellant leave the apartment and then return about fifteen minutes later. At this point, the officers left and secured a search warrant. When they returned, they again set up surveillance, observing approximately fifteen people enter the apartment, stay several minutes and then leave. This group of persons included known heroin addicts. The search warrant was not executed at this time, since appellant was observed standing in the doorway, holding a gun. The next day, as appellant was leaving his apartment, he was arrested and the search warrant was executed. Packets of heroin, perhaps as many as twenty, were found in the garbage disposal of the apartment. A can containing marihuana was also found, along with dorman, a substance commonly used to dilute heroin. Further, the search turned up empty gelatine capsules, and librium capsules.

Five of appellant's six grounds concern the propriety of the prosecutor's final argument.

First, appellant alleges that the prosecutor injected the fact, not in evidence before, that sixty percent of the crime in Dallas County was attributable to narcotics. Appellant timely objected, but his objection was overruled. We agree with appellant that such a statement was completely outside the record and should not have been made.

It is axiomatic that an accused is entitled to be convicted, if at all, only by evidence that shows that he is guilty of the offense charged. Newman v. State, 485 S.W.2d 576 (Tex.Cr.App.1972). Further, the prosecutor went so far as to argue, over objection, that when arrested, appellant was going "somewhere on up the line to get some more." The record in no way supports such a conclusion. Again, appellant's objection as being outside the record was overruled. The State now concedes that this statement was "perhaps stretching the evidence a bit." We agree.

We must conclude that the improper argument was of such a prejudicial nature as to deprive appellant of a fair and impartial trial.

The judgment is reversed and the cause remanded.