**Robert Rodriguez SALINAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52532.**

Court of Criminal Appeals of Texas.

Nov. 3, 1976.

Raul E. Guerra, San Antonio, on appeal only for appellant.

Ted Butler, Dist. Atty., and Gordon V. Armstrong, John A. Hrncir and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

In a jury trial appellant was convicted of the offense of sale of heroin. Punishment, assessed by the court at appellant's election and enhanced by reason of a previous conviction, was set at thirty years' confinement.

The first ground of error complains of the failure of the trial court to grant appellant's motion for continuance which sought a postponement due to the unavailability of the witness Jimmy Martinez Levine. The motion was made during pre-trial hearings on May 14, 1975, the day of trial. Appellant refers to such motion as his third motion for continuance, but the record shows it was the fifth. Motions were made and granted on February 15, 1973, August 1, 1973, October 4, 1974 and February 3, 1975. The motion of October 4, 1974, was also based on the unavailability of the witness Levine. In both that motion and the one made during the pre-trial hearing, appellant asserted that Levine was present at the time the offense was alleged to have occurred and that appellant could show by Levine's testimony that he did not sell any heroin to Albert Chevera as alleged in the indictment, but that Levine, an undercover narcotics agent, actually made the sale. Levine and Chevera worked together as undercover narcotics agents and made numerous cases in San Antonio about the time of the alleged sale by appellant.

We have concluded that the trial court did not abuse its discretion in overruling appellant's fifth motion for continuance. Appellant was arrested on September 8, 1972, some thirty-three months before the trial. His only showing of diligence in attempting to locate Levine was that a private investigator was hired about two weeks prior to the trial, and a subpoena was issued for Levine on the day of the trial. The subpoena was returned on the day of its issuance with the notation "Mrs. Marina Levine, who resides at this address, states she has not seen her brother-in-law

(Jimmy Levine) in over three years—no further info." Appellant's trial attorney had only represented him for about four months before the trial. He made some brief efforts to locate Levine and then hired the private investigator who spent about eighteen hours looking for him. There was no showing as to the efforts of the five previous attorneys who represented appellant during some twenty-nine months between his arrest and the trial. If appellant and those attorneys exercised diligence in attempting to locate Levine during all of that time, or even from the date of his first motion based on Levine's absence in October, 1975, and were unable to do so, it would appear unlikely that the witness could have been located if appellant's fifth motion for continuance had been granted. If the evidence does not indicate a probability that the witness can be secured by a postponement, or if it appears that a continuance due to the absence of the witness would delay the trial indefinitely, the motion may be properly denied. *Zamora v. State,* 158 Tex.Cr.R. 85, 253 S.W.2d 277 (1952); *Tuck v. State,* 155 Tex.Cr.R. 113, 231 S.W.2d 436 (1950); *France v. State,* 148 Tex.Cr.R. 341, 187 S.W.2d 80 (1945); 12 Tex.Jur.2d, Continuance, Sec. 63, Pp. 647, 648. In addition, we note that appellant's motion did not allege that the testimony could not be procured from any other source known to the defendant, as is specifically required by Art. 29.07, Vernon's Ann. C.C.P. See *Buford v. State,* 133 Tex.Cr.R. 320, 111 S.W.2d 258 (1937): *Beasley v. State,* 118 Tex.Cr.R. 197, 43 S.W.2d 100 (1931).

Grounds of error two and three assert that appellant was deprived of his right to compulsory process for witnesses by reason of deliberate interference by the State. He contends that the San Antonio Police Department caused the witness Levine to leave San Antonio and secrete himself so as to escape the process of the court and thereby make his testimony unavailable. Appellant produced no evidence to that effect, but he requests this court to

take judicial notice of certain testimony summarized by this court's opinion in *White v. State,* 517 S.W.2d 543 (Tex.Cr.App.1974). It is contended that *White v. State* involved an offense which occurred at about the same time of the offense here and involved the same witnesses to this offense, viz. Officer Chevera and Jimmy Levine. Lt. Slocum of the San Antonio Police Department testified in that case that Chevera and Levine worked under his supervision and that after making a number of narcotics cases Levine expressed the opinion that he ought to leave town. Slocum told Levine he agreed, and he had one of his men give Levine $75.00. We are asked to judicially notice Slocum's testimony in *White v. State,* thus considering it as proven for the purposes of this case, and then to hold that Slocum's testimony proves unlawful interference by the State with appellant's right to produce the testimony of Levine. We decline to do so for several reasons. First, although an appellate court will take judicial notice of its own *records* in the same or related proceedings involving the same or nearly the same parties,[1] the general rule is that an appellate court cannot go to the record of another case for the purpose of considering *testimony* not shown in the record of the case before it. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760 (1942); *State v. Savage,* 105 Tex. 467, 151 S.W. 530 (1912); 1 McCormick & Ray, Texas Law of Evidence, Sec. 186, P. 207. Second, this case and *White v. State* are not the same. The cases involve some of the same witnesses but they do not involve the same defendants or the same offenses. Third, this court in *White v. State denied the claim* of state interference, holding that White failed to show the requisite diligence to obtain Levine's testimony or show his unavailability. Certainly appellant's showing in this case did not exceed that in *White.*

Ground four, which asserts that appellant established the necessary diligence as outlined in *White v. State,* supra, is overruled for the reasons stated above.

Appellant has filed a supplemental *pro se* brief raising five additional grounds of error. He first contends that the court should have stricken the enhancement count of the indictment because the date of the prior offense was not alleged. This contention is overruled. The indictment alleged the date of the previous conviction. It is not necessary that the date of the offense be alleged. *Loud v. State,* 499 S.W.2d 295 (Tex.Cr.App.1973); *Robinson v. State,* 163 Tex.Cr.R. 499, 293 S.W.2d 781 (1956).

Appellant next complains of three different comments made by the prosecutor in his jury arguments. They were:

"I don't think I have to tell you about the problem we have in San Antonio with heroin."

.    .    .    .    .

" . . . I think it is a safe inference that being an informer is a very hazardous profession."

.    .    .    .    .

"I ask that you make this a fast verdict because every second that you are out justice is denied."

The first comment appears to be a legitimate plea for law enforcement. The second is based on common knowledge and does not appear to have been prejudicial to appellant. See *White v. State,* supra, at page 551. We are unable to conclude that the third comment was in any way calculated to injure appellant since the objection was sustained. No error is shown.

It is next asserted that the State failed to establish the proper chain of custody for its exhibit No. 1, which was a green balloon containing heroin, which the state's testimony showed was obtained by Officer Chevera from appellant. The basis of appellant's contention is that the state's chemist identified the balloon by his initials which he had placed on it, but he admitted there were two other sets of initials also on the balloon.

---

1. *Huffman v. State,* 479 S.W.2d 62 (Tex.Cr.App.1972); *Ex Parte Terwillinger,* 231 S.W.2d 447 (Tex.Cr.App.1950).

There was no break in the chain of custody or uncertainty of identification as a result of this evidence. The chemist positively identified the exhibit and his initials upon it. Officer Chevera had previously testified that he and Officer Doyle had also placed their respective initials on the exhibit, in the presence of each other, shortly after Chevera's purchase and before the exhibit left his possession.

We find no reversible error. All of appellant's grounds are overruled and the judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge (concurring).

I cannot agree that the prosecutor's comment about "the problem we have in San Antonio with heroin" was a legitimate plea for law enforcement. The argument was clearly not based on the evidence, and "such evidence would not have been admissible had it been offered." *Lopez v. State*, 500 S.W.2d 844, 846 (Tex.Cr.App.1973). See also *White v. State*, 492 S.W.2d 488 (Tex.Cr. App.1973). Like the arguments in *Lopez* and *White*, this argument was improper.

However, the only objection to this argument was a general one and thus nothing is presented for review. See, e. g., *Hunter v. State*, 530 S.W.2d 573, 575–576 (Tex.Cr.App. 1975).

The comment that "being an informer is a very hazardous profession" was also outside the record, but in this instance counsel properly objected on this ground, thus preserving the error for review. Since the argument was outside the record and improper, the trial court should have sustained the objection; however, I conclude that, in light of the entire record, the appellant was not unduly prejudiced by the remark. See *Barrientez v. State*, 487 S.W.2d 97, 101 (Tex.Cr.App.1972); *Black v. State*, 491 S.W.2d 428, 431–432 (Tex.Cr.App.1973).

I therefore agree that reversible error is not presented.

ODOM, J., joins in this concurrence.