MEMORANDUM OPINION




No. 04-03-00481-CV



IN RE Cornelius Melvin Lee CRAWFORD



Original Mandamus Proceeding (1)



PER CURIAM


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: July 23, 2003


PETITION FOR WRIT OF MANDAMUS DENIED

 On June 27, 2003, relator, Cornelius Melvin Lee Crawford, filed a motion for leave to file a
petition for writ of mandamus and a petition for writ of mandamus. Crawford was found guilty of
three separate charges of robbery and sentenced to ten years confinement in January 1999. He was
subsequently granted probation in each case. Crawford violated a term of his probation when he left
a restitution center without permission and committed a bank robbery. He was arrested and taken
into federal custody. According to Crawford, as a result of the federal charges related to the bank
robbery, the State subsequently sought to revoke his probation. In October 2002, Crawford was
found guilty by a federal court for federal offenses and sentenced to 151 months in a federal facility.

 After the State moved to revoke Crawford's probation, Crawford filed a motion in the state
court proceeding requesting that the trial court have his state sentences reduced and run concurrently
with his federal sentence. That motion was denied by the trial court at the hearing on the motion to
revoke held on May 12, 2003. In the same May 12, 2003 hearing, Crawford pled true to the State's
motion to revoke his probation. He was sentenced to seven years confinement and fined $ 1,000 in
each case. The trial court ordered that the sentences in each case were to run concurrently. Crawford
appealed. The trial court entered a certification in each case certifying that it "is not a plea bargain
case, and that the defendant has the right of appeal." (2) In his petition, Crawford requests that this
court order the trial court to issue a "nunc pro tunc consolidation order" ordering that his state
sentences run concurrently with his federal sentence and grant him credit for time served.

 Mandamus will only issue where the record establishes (1) a clear abuse of discretion or the
violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. See
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992); Dickens v. Court of Appeals for Second
Supreme Judicial Dist. of Tex., 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). With regard to the
second element, mandamus will not issue where there is a clear and adequate remedy at law, such as
a normal appeal. Walker, 827 S.W.2d at 840. A writ will only issue in situations involving manifest
and urgent necessity. Id. A relator must establish the lack of an adequate remedy. Id.

 In his petition, Crawford alleges that he "has no adequate remedy at law other than a writ of
mandamus." Crawford, however, has not made a showing or established the lack of an adequate
remedy, such as a normal appeal. On the contrary, the clerk's record filed in the appeals from the
same judgment establishes that he does have the remedy of an ordinary appeal. Crawford is
complaining of the trial court's refusal to have his state court sentences run concurrently with his
federal sentence and grant him credit for all time served in federal custody. As a result of the
certifications entered in Crawford's appeals, the trial court has given Crawford the right to appeal this
issue.

 This court has determined that Crawford is not entitled to the relief sought. Therefore, the
petition and the motion for leave to file a petition for writ of mandamus are denied. See Tex. R. App.
P. 52.8(a).

 PER CURIAM


1. This proceeding arises out of Cause Nos. 1998-CR-3005, 1998-CR-3006 & 1998-CR-3007, styled The State
of Texas v. Melvin Lee Crawford, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable
Pat Priest presiding.
2. An appellate court may take judicial notice of its own record in the same or related proceedings. See Turner
v. State, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987); Salinas v. State, 542 S.W.2d 864, 867 (Tex. Crim. App. 1976).
For this reason, we can consider the judgment and certification of defendant's right of appeal contained in the clerk's
record filed in Crawford's related appeals.