MEMORANDUM OPINION




Nos. 04-03-00410-CR, 04-03-00411-CR, and 04-03-00412-CR



EX PARTE Arturo SOLIS



From the County Court at Law No. 1, Bexar County, Texas


Trial Court Nos. 387220/2360-W, 359466/2361-W, and 388056/2362-W


Honorable Al Alonso, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: February 4, 2004


AFFIRMED

 Arturo Solis pled guilty to and was convicted of three misdemeanor offenses. He later filed
an application for writ of habeas corpus in each case, alleging that no information or valid complaint
had been filed with the county clerk before the prosecutions commenced; consequently, the trial court
never acquired jurisdiction. The trial court took judicial notice of its own files in the misdemeanor
cases, found that each contains a timely-filed complaint and information, and denied relief. Solis
appeals. We affirm.

 1. Solis first complains he was denied due process because the trial court did not conduct
an evidentiary hearing before denying relief. Solis contends a hearing was "required by law under the
verified averments made in [his] application for a writ of habeas corpus and [his] claim that the
'information[s]' were forged and fraudulent." We disagree. Solis did not allege in his applications for
writs of habeas corpus the informations contained in the court's files were "forged and fraudulent";
in fact Solis did not urge this contention until after the trial court denied relief. The issue was
therefore not before the court when it determined no evidentiary hearing was necessary and ruled on
the merits of the applications. The only allegations in Solis's applications were that no informations
were filed and that the complaints were facially insufficient. Because these claims were determinable
by reference to the trial court's records alone, the trial court did not abuse its discretion in deciding
the applications without an evidentiary hearing. See Ex parte Chambers, 612 S.W.2d 572, 573-74
(Tex. Crim. App. 1981) (evidentiary hearing is required in habeas proceeding only if necessary to
decide material, controverted, previously unresolved issues of fact); see also Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993) (holding that "hearing is not required when the matters
raised in the motion for new trial are subject to being determined from the record"); Cravin v. State,
95 S.W.3d 506, 510-11 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd) (holding that trial court may
rule on post-conviction motion for DNA testing based solely on motion and State's response; due
process clause of the Fourteenth Amendment does not require either defendant's presence before the
court or evidentiary hearing).

 2. Solis next contends the trial judge could not take judicial notice of the documents in
the court's records because he did not hear the underlying cases. We disagree. A court may take
notice of its own records rendered in cases involving the same parties and subject matter. Baumert
v. State, 709 S.W.2d 212, 213 (Tex. Crim. App. 1986); Hokr v. State, 545 S.W.2d 463, 465-66 (Tex.
Crim. App. 1977); Ex parte Terwillinger, 231 S.W.2d 447, 448 (Tex. Crim. App. 1950). Solis'
applications for writs of habeas corpus were filed as ancillary proceedings in the same court and under
the same cause numbers as the underlying criminal cases. And, although the presiding judge of the
court changed after Solis was convicted, the applications were ruled on by the presiding judge of that
court. 

 3. Solis next contends that the complaints are insufficient to support the informations.
His theory appears to be that the complaint affidavit supporting the information must, as a matter of
law, be a different document than the affidavit filed in support of an arrest warrant. We again
disagree. "[I]f the affidavit [for warrant of arrest] meets the statutory requirements of a complaint,
... the law has been fulfilled." Green v. State, 736 S.W.2d 218, 220 (Tex. App.-Corpus Christi 1987,
no pet.). Moreover, Solis was required to object to any formal or substantive defect in the complaints
before trial commenced; the objection may not be raised in a post-conviction proceeding. Tex. Code
Crim. Proc. Ann. art 1.14(b) (Vernon Supp. 2003); Nam Hoai Le v. State, 963 S.W.2d 838, 843
(Tex. App.-Corpus Christi 1998, pet. ref'd). Although labeled "Affidavit for Warrant of Arrest," each
complaint complies with the requirements of the Texas Code of Criminal Procedure for a complaint
in support of an information; each was filed with the corresponding information; and each is valid on
its face. See Tex. Code Crim. Proc. Ann. arts. 15.04, 15.05 (Vernon 1977); art. 21.22 (Vernon
1989); Wells v. State, 516 S.W.2d 663, 664-65 (Tex. Crim. App. 1974); Naff v. State, 946 S.W.2d
529, 531 (Tex. App.-Fort Worth 1997, no pet.).

 4. Finally, Solis contends the informations on file are "forged and fabricated" and did not
vest the trial court with jurisdiction. Because Solis did not raise this issue in his applications for writs
of habeas corpus and it was not addressed by the trial court, it has not been preserved for review. See
Ex parte Tucker, 977 S.W.2d 713, 715 (Tex. App.-Fort Worth 1998), pet. dismissed, 3 S.W.3d 576
(Tex. Crim. App. 1999) (per curiam); Ex parte Torres, 941 S.W.2d 219, 220 (Tex. App.-Corpus
Christi 1996, pet. ref'd.).

 Because the trial court did not abuse its discretion, we affirm the order denying relief. See Ex
parte Nagle, 48 S.W.3d 213, 215 (Tex. App.-San Antonio 2000, no pet.).


 Sarah B. Duncan, Justice


Do not publish