Robert Trevathan PARISH,
Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–81–349–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 9, 1983.

Rehearing Denied March 9, 1983.

Jeffrey Kearney, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Michael Jergins, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, JORDAN and BURDOCK, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted of the offense of possession of cocaine. The jury set punishment at fifteen years imprisonment and assessed a fine of $10,000.00.

We reverse and remand for new trial.

The evidence showed that Robert Trevathan Parish, Jr., appellant, drew the attention of the Dallas/Fort Worth Regional Airport Police when an airline employee notified airport police that appellant was creating a disturbance. The investigating officer testified that cocaine was discovered in appellant's possession when appellant opened a suitcase containing the illegal substance. The testimony shows that the suitcase was opened by appellant in an effort to prove ownership of the luggage.

Appellant, by twelve grounds of error, alleges that a remand for new trial is called for in this case. Because we find that a new trial should be granted on the basis of appellant's arguments supporting grounds of error seven and eight, we pretermit discussion of appellant's remaining grounds of error.

Both grounds of error seven and eight complain of errors alleged to have taken place at the punishment phase of the trial. Appellant directs the court to the testimony of State's witness Mrs. Mary Deatherage. Mrs. Deatherage testified that she was Deputy District Clerk for Tarrant County, Texas, and that she was custodian of the records of the District Clerk's office. When the State held in front of her an exhibit labeled, State's Exhibit 7 and asked her to identify it, Mrs. Deatherage answered: "It's a judgment on a plea of guilty sentencing probation." Then, before Mrs. Deatherage could testify to the cause number of the offense, the date of the offense, the number of years given or the offense charged, the jury was excused so that a question of admissibility could be discussed outside their presence. During this jury recess, a decision was made by the State not to introduce exhibit seven. The exhibit was then withdrawn and Mrs. Deatherage was excused from the witness stand. The record then shows that defense counsel asked the court to instruct the jury to disregard the statements made by Mrs. Deatherage. The court refused to so instruct the jury stating that, "In the event it's not connected up I will instruct this jury to disregard it."

Thereafter, the jury was returned to the courtroom and the State called a probation officer to the stand who testified that he had served as appellant's probation officer during the time that appellant was on probation after a conviction for the offense of delivery of marihuana. At the close of evidence, defense counsel once again asked the court to instruct the jury to disregard the testimony of Mrs. Deatherage concerning the withdrawn exhibit, but the court refused.

Appellant contends by ground of error number seven that because Mrs. Deatherage never testified as to the cause number, the date of the offense or in any other way identified the judgment, the jury might have very likely have been left with the impression that appellant was granted probation on two separate convictions. In fact, the record made outside the presence of the

jury affirmatively shows that Mrs. Deatherage and the probation officer testified as to the existence of the same single offense. Appellant argues that the court erred in failing to instruct the jury to disregard the testimony as to the withdrawn exhibit and that the court's failure to do so added to the possibility of confusion as to the number of times appellant was placed on probation.

Ground of error number eight is based on the following statements made at jury argument on the punishment phase by the prosecuting attorney:

"What kind of man are you dealing with here? Is this a man who has come to you today with his first involvement with the criminal justice system? No. This is a man that's already been given one chance and given a second chance."

Appellant argues that the effect of this statement was to inform the jury that appellant had twice been in trouble with the law. Appellant asserts that the court erred in overruling counsel's timely objection to the statement since there was no competent evidence to support such a conclusion, and in addition, that the error was compounded by the failure of the court to instruct the jury to disregard Mrs. Deatherage's testimony since the two alleged errors had the common effect of suggesting to the jury that appellant had encountered not one, but two confrontations with the law resulting in probated sentences.

We find that the statements made by Mrs. Deatherage, complained of by appellant's ground of error number seven, standing alone before the jury, unexplained and unconnected to any issue at hand, were not shown to be relevant and were possibly misleading. We need not decide the issue of whether or not the court's refusal to instruct the jury to disregard such statements was reversible error. Instead, we order that this case be remanded for new trial on the basis of the allegedly improper jury argument complained of in ground of error number eight.

■ We hold that the statement that appellant was a man who had been previously involved with the criminal justice system and who had "already been given one chance and given a second chance", was not explained by or a reasonable deduction from the evidence adduced at trial. The evidence showed only that appellant had only been convicted once and that that sentence and the case ultimately dismissed. We disagree with the State's theory that the statement was explained by the testimony of the probation officer that appellant had been convicted once for the delivery of marihuana, placed on probation and then released from probation when the case was later dismissed. The State argues that the jury could not have been misled into believing that appellant had twice been given probation on separate convictions as appellant argues, because the prosecutor's statement could be interpreted as meaning that appellant was given a "first chance" when he was placed on probation for the offense which the probation officer discussed, and that he was given his "second chance" when he was released from probation and his case dismissed. We do not find this theory to be supported by the record. Immediately after the prosecutor made the objectionable statement and the objection thereto was overruled by the court, the prosecutor made the following statement which the State contends to have somehow rehabilitated the objectionable argument:

"The evidence from the probation officer told you that he was in court and placed on probation for a criminal offense involving the delivery of marijuana and that for that offense he was placed on probation, *given a second chance* and told that here's the conditions of probation." [Emphasis added.]

We do not find that this statement does anything but reinforce appellant's position. The prosecutor obviously explained the term "second chance" to mean when he was placed on probation on the delivery of marihuana charge.

This is contrary to the State's argument on appeal that the prosecutor's reference to appellant's "second chance" was to the dismissal of the case against him. The prosecutor's failure to explain what was meant

by the term "first chance" left the question open to speculation on the part of the jury the same as its meaning is left open to speculation in light of the State's explanation on appeal.

■ We also agree with appellant that the error in allowing the prosecutor's statement to stand was compounded by the court's failure to earlier instruct the jury to disregard the statements made by Mrs. Deatherage which went to identify an exhibit as a judgment on a plea of guilty.

The State tries to explain away possible harm by contending that Mrs. Deatherage testified only as to a conviction, while the probation officer testified as to a probation, and therefore, although the jury had not been informed that both witnesses were speaking of the same conviction, they should have assumed as much. This argument is without merit and mistates the record. Mrs. Deatherage identified exhibit number seven as "a judgment on a plea of guilty *sentencing probation.*" [Emphasis ours.] We have also considered the State's argument that there was no harm in the failure to instruct the jury to disregard State's exhibit number seven as well as its argument that there was no harm because the exhibit was never admitted into evidence. This argument simply does not address the issue raised by appellant. Appellant's objection was to the testimony surrounding the State's attempt to introduce the exhibit into evidence, not the exhibit itself.

As we have stated previously, we cannot see how Mrs. Deatherage's testimony standing alone and undeveloped went to any relevant issue at trial. We cannot see how it went to anything except to compound the false impression left by the objectionable jury argument.

■ Jury arguments must be either (1) a summation of the evidence; (2) a reasonable deduction from the evidence; (3) an answer to an argument of opposing counsel; or (4) a plea for law enforcement. *Kearney v. State,* 630 S.W.2d 934 (Tex.Cr.App.1982); *Clanton v. State,* 528 S.W.2d 250 (Tex.Cr. App.1975).

Because the argument by the prosecutor does not fit within any of the above categories, because we feel it was meant to inflame the jury against appellant and because it was misleading, particularly in light of the testimony by Mrs. Deatherage which should not have been considered, we must sustain appellant's ground of error number eight.

The judgment is reversed and the cause is remanded for a new trial.