David JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 348–83.

Court of Criminal Appeals of Texas, En Banc.

Jan. 11, 1984.

---

Marvin Miller, Joseph D. Valdez, San Antonio, for appellant.

Bill M. White, Former Dist. Atty. and Roy R. Barrera, Jr., Edwin E. Springer and Douglas V. McNeel, Former Asst. Dist. Attys., Sam D. Millsap, Jr., Dist. Atty. and Linda C. Anderson, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of aggravated assault and punishment was assessed by the jury at ten years imprisonment in the Texas Department of Corrections and a $5,000 fine. The Court of Appeals for the Fourth Supreme Judicial District of Texas in San Antonio reversed the conviction and remanded the case to the trial court. 649 S.W.2d 111. We granted the State's petition for discretionary review in order to determine whether the court of appeals erred in finding that the trial court had erroneously admitted evidence of an extraneous offense and in finding four instances of improper jury argument. We agree with the court of appeals' finding of reversible error and affirm.

The court of appeals found merit in the appellant's contention that the prosecutor was erroneously allowed to imply that absent witnesses were afraid to testify. The complained of argument is as follows:

"[PROSECUTOR]: ... [D]on't you know that there are other witnesses. Don't you know that the people really saw what happened out there ....

\* \* \* \* \* \*

"... [W]hy don't people come forth, ladies and gentlemen? Why won't they get involved? Is it because they don't care?

"[DEFENSE COUNSEL]: Your Honor, that's highly outside the record.

"[PROSECUTOR]: Or is it because they are afraid?

"THE COURT: Overruled.

"[DEFENSE COUNSEL]: Note my exception.

"[PROSECUTOR]: I submit to you that it's because they are afraid. They are afraid to become involved. They are afraid to put the finger on the man that nearly killed another man. If anybody has a right to be afraid of testifying it should be the man who almost lost his life. It should be the man who laid on his back for thirty days and pondered the situation out there. The man who says that when I come and testify in Court I'm fair game."

It is well settled that the prosecutor may not imply that witnesses have been frightened from the courtroom by the defendant. *Thomas v. State*, 519 S.W.2d 430 (Tex.Cr. App.1975). In *Thomas v. State*, supra, this court held that:

"To argue such facts, unsupported by the evidence, is to inject new and harmful facts alluding to conduct of the appellant for which he is not on trial. By continuing this argument in a more distinct fashion after the objection was overruled, the prosecutor only compounded the error and harm to the appellant."

We find that the prosecutor's argument in the instant case similarly interjected new and harmful facts, unsupported by the evidence which were prejudicial to the appellant. The harm was then compounded by the additional comments made by the prosecutor as the objection was being ruled on by the court.[1] We find the prosecutor's argument was improper and constitutes reversible error.

Because we agree with the result reached by the court of appeals, we do not deem it necessary at this time to address the remaining grounds of error found to be reversible by that court.

The judgment of the court of appeals is affirmed.

ONION, Presiding Judge, dissenting.

Appellant, indicted for attempted murder, was convicted of the lesser included offense of aggravated assault by the jury. Punishment was assessed by the jury at ten (10) years' imprisonment and a $5,000.00 fine. On appeal a panel of the San Antonio Court of Appeals reversed the conviction. One judge wrote the opinion, finding the trial court had erroneously admitted an extraneous offense and found four instances of reversible jury argument. One judge concurred in the reversal only upon the jury argument complained of in ground of error No. 6, but expressly refused to concur in any finding of other reversible error. The other member of the panel did not participate. *Johnson v. State,* 649 S.W.2d 111 (Tex.App. 4th Dist.—1983).[1]

We granted the State's Petition for Discretionary Review to determine the correctness of the Court of Appeals' opinion including all the bases for reversal.

The majority now considers only the jury argument complained of in ground of error No. 6, finds there was reversible error, and affirms the judgment of the Court of Appeals. No attention is given to the State's contention that any error involved in the sixth ground was not properly preserved for review.

Edwin Bell, the complainant, testified on the night of February 16, 1977 he went to the Wagner's Camp Ground Lounge in San Antonio where he played pool and dominos. During the evening two men began to fight and Bell and the manager broke up the fight. They got the men outside the lounge and got them to leave. Bell related that he returned to the lounge and had picked up his hat and coat when he encountered the appellant whom he had never seen before. Appellant called to him, and as Bell walked toward the appellant he (appellant) said, "You little young niggers think you all are going to run this joint but it's not going to be that way." Bell laughed in appellant's face and turned to go. Appellant shot Bell in the chest and then in the leg. Bell spent a month in the hospital.

San Antonio Police Detective Joe Oosterveen investigated the shooting. He related that none of the possible witnesses came forth to give any information about the shooting, that he learned they didn't want to get involved, didn't want to say anything about the case.

The defense called Tommy Clack, who observed Bell outside the lounge, apparently smoking marihuana with a group of men. After the fight, Clack was in the lounge and heard the appellant ask him "What's wrong with these punks?" Bell then approached and said, "Don't be calling my cousin no punk." Bell pulled a knife and Clack tried to intervene. Appellant, who

---

1. We note that the harm done in this case is reflected rather obviously in the assessment of the maximum punishment for a third degree felony.

1. The record received from the Court of Appeals reflects Justice Cantu did not participate. The reported decision does not so reflect.

had started to leave, pushed Clack aside, and Clack then heard two shots.

Appellant corroborated Clack's testimony and testified he acted in self-defense.

In his opening jury argument at the guilt stage of the trial, the prosecutor (Mr. Barrera) stated:

"Don't you know when the police officer told you that he got absolutely no cooperation from those people out there, nobody would come forth and give a statement and guess who was one of the persons out there who saw everything allegedly? None other than, Mr. Tommy Clack. * * *

"Because, you see, the State has one witness that would come and testify and that's the man that was shot and nearly killed.

Don't you know that there are other witnesses. Don't you know that the people really saw what happened out there. * * *

"Why won't people come forth, ladies and gentlemen. Why won't want (sic) they get involved? Is it because they don't care?

"MR. MILLER (Appellant's Counsel): Your Honor, that's highly outside the record.

"MR. BARRERA: Or is it because they are afraid?

"THE COURT: Overruled.

"MR. MILLER: Note my exception.

"MR. BARRERA: I submit to you that it's because they are afraid. They are afraid to become involved. They are afraid to put the finger on the man that nearly killed another man. If anybody has a right of testifying it should be the man who almost lost his life. It should be the man who laid on his back for thirty days and pondered the situation out there. The man who says that when I come and testify in court I'm fair game. That should be the man who really has good reason to be afraid to testify. But did he? Was he? He came forth, ladies and gentlemen, and against all odds, yes, no one would come to speak for him. * * * *"

The sixth ground of error involves this latter argument. It is observed that the only objection, " . . . that's highly outside the record," was directed at the prosecutor's question "Is it because they don't care?" After the objection, the prosecutor continued, "Or is it because they are afraid?". The court then overruled the objection, and appellant excepted. No further objection was offered to prosecutor's continued argument then or later.

There was no objection to the now complained of argument, and nothing is presented for review. See 26 Tex.Jur.2d, Crim.Law, § 3918, p. 83. The only objection was made prior to the complained of argument.

In *Thomas v. State,* 519 S.W.2d 430 (Tex. Cr.App.1975), cited by the majority, there was a timely objection to the complained of argument.

Even if it can be argued, as the majority does, that the prosecutor's remark "Or is it because they are afraid?" is covered by the earlier made general objection, the question remains whether the overruling of the objection at the time, without more, would constitute reversible error. The prosecutor certainly had the right to make reasonable deductions from the evidence, and the investigating officer had testified that possible witnesses had not come forward to assist the investigation. Up to this point the overruling of the objection would not have been reversible error.

What followed was the improper part of the prosecutor's argument. To this argument, which is in effect the real basis for the reversal, there was no objection. Nothing was preserved for review of the argument which the majority utilizes to reverse.

The only objection " . . . highly outside the record," was a general objection which did not preserve error and it did not refer to the witnesses' fear of testifying. An objection to jury argument must be specific. *Carter v. State,* 614 S.W.2d 821, 823 (Tex. Cr.App.1981); *Patterson v. State,* 509 S.W.2d 857, 861 (Tex.Cr.App.1974); *Cherry v. State,* 488 S.W.2d 744, 755–756 (Tex.Cr. App.1972).

On appeal appellant contends the prosecutor erred when he made unsupported statements implying the witnesses were frightened from the courtroom by the appellant. This is not the same objection as offered at trial.

It is well settled that unless the contention on appeal is the same as the objection at trial nothing is presented for review. *Stutes v. State,* 530 S.W.2d 309, 313 (Tex. Cr.App.1975); *Carrillo v. State,* 591 S.W.2d 876, 892 (Tex.Cr.App.1979); *Darden v. State,* 629 S.W.2d 46, 51 (Tex.Cr.App.1982).

The State is correct in its assertion that the error was not preserved for review. The majority fails to adequately consider the State's contention.

If it can be said that there was an objection at all to the complained of argument, that it was timely and though general was specific enough, and it was the same objection as urged on appeal reversal is not justified.

It is not every improper argument that will sanction a reversal of a case; it is only where the argument is of such prejudicial nature as was calculated to, and probably would, produce a conviction or enhance the punishment. *Gay v. State,* 134 Tex.Cr.R. 356, 115 S.W.2d 929, 931 (1938).

In the case sub judice the shooting of Bell by the appellant was undisputed. Bell detailed his shooting and appellant testified he shot Bell, but claimed self-defense. The jury found the appellant guilty, not of the charged offense, but of the lesser included offense of aggravated assault.[2]

I vigorously dissent to the majority's disposition of this petition for discretionary review without properly considering the State's contention regarding the sixth ground of error, and ignoring the State's arguments advanced in the petition concerning the other grounds of error.

ODOM and W.C. DAVIS, JJ., join this dissent.

**2.** The majority seems to find some sort of harm merely because the appellant received the maximum penalty for the lesser included offense.

If the appellant had received less than the maximum punishment for the lesser offense would the case have been affirmed by the majority?