**Robert Earl PERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0219–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 13, 1986.

Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough and Wilbur Aylor, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and DUNN, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a conviction for delivery by actual transfer of cocaine, a controlled substance, in an amount less than 28 grams. The jury found the appellant to have been previously convicted of two felonies, pursuant to enhancement paragraphs, and assessed punishment at 75 years confinement. We reverse and remand.

Appellant confines his four grounds of error to the punishment phase of the proceedings. By his first three grounds, appellant asserts errors in overruling defense counsel's objections to prosecutorial argument at the punishment phase of trial.

■ In his first ground, appellant contends that the trial court erred in overruling his objection to the prosecutor's assertion that unspecified witnesses were scared to testify during the punishment phase.

The specific portion complained of is as follows:

PROSECUTOR: There are other people that live out there in that community besides this type of guy, right? There are people out there. Whether you know it or not that are older people out there. They're going to be forced to live—

DEFENSE COUNSEL: He doesn't know who lives out there. It's totally out of the record.

PROSECUTOR: Reasonable—

THE COURT: Overruled. Let's proceed.

PROSECUTOR: There are people that's going to be forced to be there the rest of their life.

DEFENSE COUNSEL: It's total speculation, Your Honor.

THE COURT: Overruled.

PROSECUTOR: They're going to be living out there, old, elderly people. No way that they are going to move out of that part of the city, okay? No way. They didn't come down here. *I think it's reasonable inference from the evidence that they are probably too scared to come down, scared of what these type of guys and the guys he's buying it from are going to do.*

DEFENSE COUNSEL: That's outside the record. It's speculation. It's inherently—he's pointing at the Defendant. There is no evidence this man is dangerous or harmful or has ever harmed anybody. Object to the argument.

THE COURT: Overruled.

(Emphasis added.)

The law defining proper jury argument is so well established as to be immediately familiar:

To receive the stamp of approval of this court, jury arguments need to be within the areas of: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement.

*Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973) (citations omitted); *see also Todd v. State,* 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980).

In the instant case, no evidence was presented at any point in trial that there were elderly people in appellant's community or, indeed, any witnesses to the offense other than those testifying. Furthermore, no showing was made that the appellant or "his type" had scared such people. Nothing defense counsel presented invited such argument. The prosecutor's argument is clearly unrelated to the evidence or defense arguments, and cannot be considered, even remotely, a plea for law enforcement.

"It is well settled that the prosecutor may not imply that witnesses have been frightened from the courtroom by the defendant." *Johnson v. State,* 662 S.W.2d 368, 369 (Tex.Crim.App.1984); *Thomas v. State,* 519 S.W.2d 430, 431 (Tex.Crim.App. 1975). "To argue such facts, unsupported by the evidence, is to inject new and harmful facts alluding to conduct of the appellant for which he is not on trial." *Johnson,* 662 S.W.2d at 370 (quoting *Thomas,* 519 S.W.2d at 431). "A jury argument must either be extreme or manifestly improper or inject new and harmful facts to

be reversible." *Thomas,* 519 S.W.2d at 431.

The argument herein is unquestionably improper as an injection of factual assertions not found in, or deducible from, the evidence.

The range of punishment, depending on the jury's findings with respect to enhancement paragraphs, was confinement for no less than 5, 15, or 25 years to a maximum of 99 years or life. The jury assessed punishment at 75 years. It would accordingly be difficult to say that the error had no effect on the punishment assessed. *See Irving v. State,* 573 S.W.2d 5, 6 (Tex.Crim. App.1978).

The first ground of error is sustained.

■ By his second ground, appellant asserts error in the trial court overruling his objection to the prosecutor's comment on appellant's failure to call witnesses to testify on his behalf at the punishment phase.

The pertinent portion is as follows:

PROSECUTOR: Who did he bring in here to tell you that he ought, you ought to have a little sympathy on him? Did he bring anybody whatsoever, a rabbi, a priest, preacher? Did he bring any kind of folks other than his sister? Did he bring his momma, daddy? Didn't bring anybody in the community to tell you, give old Robert Earl a chance. He didn't bring anybody. He did—not one sole [sic] did he bring. He had a right to bring those people. We talked about that in Voir Dire. Not one did he bring.

DEFENSE COUNSEL: Object to the argument tending to place the burden on the Defendant to produce evidence in his own behalf.

THE COURT: Overruled.

Similar jury arguments have been considered in *Mosley v. State,* 686 S.W.2d 180 (Tex.Crim.App.1985), and *McKenzie v. State,* 617 S.W.2d 211 (Tex.Crim.App.1981). In both cases, the trial courts sustained objections and instructed the juries to disregard. *See Mosley,* 686 S.W.2d at 183; *McKenzie,* 617 S.W.2d at 218–19. In *McKenzie,* the court held the argument

improper and reversible as both outside the record and an injection of personal opinion. The court reiterated its inability to speculate on the effect the argument had on the punishment assessed. *See McKenzie,* 617 S.W.2d at 221; *Irving,* 573 S.W.2d at 6.

In *Mosley,* the court held that the "argument presents a very close question as to its propriety," but "in the context in which it was said, it is not improper." *Mosley,* 686 S.W.2d at 184. The court distinguished *Mosley* from *McKenzie* in two respects. First, the inference of the *Mosley* remarks, in their context, was "not that these people actually existed, but that appellant did not call anyone at all to testify in his behalf." *Mosley,* 686 S.W.2d at 184. Second, the *McKenzie* remarks "detailed what the witnesses might say," whereas the *Mosley* argument referenced "general information that was admissible and would be expected of reputation witnesses." *Mosley,* 686 S.W.2d at 184.

The instant argument is comparable to *Mosley* and would not, with a proper curative instruction, ordinarily present reversible error in the total context of the trial. However, the prosecutor in the instant case made repeated speculative ventures outside the record, and the trial court fully condoned such argument over timely objection. Such argument ordinarily elicits at least a curative instruction on timely request therefor. It is impossible to determine the magnitude of the argument's effect on punishment.

The second ground is also sustained and compounds the error and harm to the appellant. *See Johnson,* 662 S.W.2d at 370; *Thomas,* 519 S.W.2d at 431–32.

■ In his third ground, appellant contends that the trial court erred in overruling his objections to the following arguments:

PROSECUTOR: ... You remember me also asking how many of you have been victims here in Harris County, Texas and just about as many hands went up? You think all those burglaries that took place out there—

DEFENSE COUNSEL: This is going to be outside the record now, no matter how he finishes.

PROSECUTOR: Reasonable inference, reasonable argument.

THE COURT: Overruled at this time.

PROSECUTOR: You think all those burglaries that happen out here in Harris County, those people are going in stealing that TV because they want to take a TV home and put it in their house and watch it? Is that what you think they were doing with that stolen property?

DEFENSE COUNSEL: Objection. We don't know what anybody is doing with no TV?

PROSECUTOR: Can draw reasonable inference?

THE COURT: Overruled.

PROSECUTOR: You know what they are doing with all that stolen stuff, right? You know good and well how many people's [sic] been victimized out here in Harris County by this type of people, right? People that are trying to get enough money to go see him, right?

DEFENSE COUNSEL: Your Honor, he's calling on the jury to speculate. That's outside the record.

THE COURT: Overruled.

The State contends on appeal that this argument is supported as part of a plea for law enforcement in the illicit drug business, invited by a defense plea for leniency in the delivery of two packages of cocaine. Other portions of the prosecutor's argument directly support the State's contention, but not the portion challenged here. The quantity of cocaine possessed or delivered by appellant does not directly or indirectly support a deduction that appellant had engaged in the many burglaries and thefts of TV sets in Harris County.

In *White v. State*, 492 S.W.2d 488 (Tex. Crim.App.1973), the court held that the prosecutor injected facts outside the record by asserting that "sixty percent of the crime in Dallas County was attributable to narcotics," *id.*, and that appellant therein "was going 'somewhere on up the line to get some more.'" *Id.* at 489. The judg-

ment of conviction for possession of heroin with a punishment of 10 years and 1 day was reversed.

Similarly, in *Rodriquez v. State*, 520 S.W.2d 778 (Tex.Crim.App.1975), the court held that argument in the punishment stage urging the jury to consider "the lives he has touched with the heroin he has helped disburse in this county," *id.* at 779, constituted reversible error in the punishment stage. Again, such argument injected "new and harmful facts that were neither in evidence nor inferable from the evidence." *Id.* at 780. The judgment assessing punishment at 65 years on conviction for the sale of heroin was reversed. For recent examples of reversible prosecutorial argument, *see also Green v. State*, 679 S.W.2d 516 (Tex.Crim.App.1984); *Walker v. State*, 664 S.W.2d 338 (Tex.Crim. App.1984); *Matthew v. State*, 699 S.W.2d 310 (Tex.App.—Dallas 1985, no pet.); *Parish v. State*, 646 S.W.2d 620 (Tex.App.— Fort Worth 1983, no pet.).

In the instant case, the only burglaries in evidence were shown by appellant's prior convictions. Countless other burglaries in Harris County cannot properly be laid at appellant's door for the purposes of his punishment in the name of law enforcement. The conscientious prosecutor must beware of becoming so intoxicated by his own zeal as to forget that his primary goal is not to win a particular case, but to see that justice is done. The State of Texas wins its point *whenever* justice is done in the courts.

The third ground is sustained.

By his fourth ground, appellant asserts error in the court's refusal to grant a mistrial after the State withdrew State's Exhibits 15 and 16, a judgment and a jail card relating to a defendant named Robert Earl Person for aggravated assault. The exhibits were introduced, along with others, by their custodians of records. The State withdrew the exhibits promptly when the fingerprint expert testified that he could not compare the fingerprints with appellant's because the prints on these exhibits

were "too bad." The trial court immediately instructed the jury to disregard the exhibits.

In view of our holding that the conviction must be reversed for improper prosecutorial argument, we need not address this point, deeming it unlikely to recur in the event of retrial.

The judgment of conviction is reversed and the cause remanded.