TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00582-CR






Johnny Gianoulos, a/k/a Johnny Angel, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0972648, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING







A jury found appellant Johnny Gianoulos guilty of intentionally or knowingly causing bodily
injury to a disabled individual. See Tex. Penal Code Ann. § 22.04(a)(3), (f) (West 1994). After finding
that appellant had three previous felony convictions, the jury assessed punishment at imprisonment for
thirty-five years.

Appellant brings forward three points of error complaining of improper remarks or
questions by the prosecutor. Finding no reversible error, we will overrule the points of error and affirm the
conviction.

The complainant, who was both physically and mentally disabled, befriended appellant and
allowed him to live in the complainant's apartment. Appellant rewarded this kindness by severely beating
the complainant when he asked appellant to turn down his radio. The sufficiency of the evidence to sustain
the conviction is not questioned.

The State's first witness was the complainant's sister. After asking her name, the
prosecutor continued, "I know--I'd like to give the jury just a little background and if you don't feel
comfortable in giving some of the details because I know that you fear for your safety." Appellant objected
to this remark, the objection was sustained, and the jury was instructed to disregard it. A motion for
mistrial was overruled.

It was improper for the prosecutor to imply without evidentiary support that the witness
had been frightened by appellant. See Johnson v. State, 662 S.W.2d 368, 369 (Tex. Crim. App. 1984);
Person v. State, 706 S.W.2d 153, 154 (Tex. App.--Houston [1st Dist.] 1986, no pet.). As a general
rule, however, any error in asking an improper question or admitting improper testimony will be cured or
rendered harmless by an instruction to disregard. Guzman v. State, 697 S.W.2d 404, 408 (Tex. Crim.
App. 1985). There is no basis in the record for concluding the district court's instruction to disregard was
not sufficient to cure the error here. Point of error one is overruled.

Appellant's second point of error alleges improper impeachment. During his own
testimony, appellant stated, "I don't do drugs. I don't like drugs . . . . I'm totally against the drug scene
over there in that area." During cross-examination, the prosecutor asked," [Y]ou also say that you don't
like drugs, you don't do drugs . . . . But yet you've been arrested for drugs?" Defense counsel objected
to the question, but not before appellant replied, "Not that I recollect." The objection was sustained and
the jury was instructed to disregard the question, but a motion for mistrial was overruled.

Mere arrests are generally inadmissible for impeachment. See Bell v. State, 620 S.W.2d
116, 125-26 (Tex. Crim. App. 1981) (opin. on reh.); Tex. R. Evid. 608(b). But a witness may open the
door for such impeachment by testifying that he has not been in trouble with the law, or that his testimony
regarding his criminal record is complete. Bell, 620 S.W.2d at 125-26. In this cause, appellant's
testimony that he does not approve of drugs and is "totally against the drug scene" opened the door for the
prosecutor to inquire about his drug-related arrest. Even if the door was not opened, we note that
appellant testified that he did not remember any drug arrest, the jury was instructed to disregard the
question, and the matter was not pursued. Under the circumstances, no reversible error is presented. Point
of error two is overruled.

Finally, appellant urges that the district court erred by allowing the prosecutor to refer to
appellant as "a psycho." The remark was made while the prosecutor was discussing appellant's testimony.


His story makes absolutely no sense. He couldn't even tell it the same way twice on the
stand. His story is [state witness] is an evil genius who masterminded this conspiracy to
put him in jail so that he couldn't violate her probation.


[Appellant]: To save her own ass.


[Prosecutor]: Okay. Do you notice how he can't control himself? Do you remember in
opening statement how he couldn't control himself? That's why it came out of the blue,
because he's a psycho. He cannot control himself.



The court overruled appellant's objection to the "improper characterization," saying, "[A]s long as you're
arguing the evidence from the witness stand, I'll overrule the objection."

Appellant twice interrupted the prosecutor's opening statement by saying, "You're lying." 
It was these interruptions and the interruption of final argument that prompted the prosecutor to refer to
appellant as "a psycho," by which he obviously meant a person who cannot control himself.

Name calling has no place in jury argument. "[A]buse is not argument, and vituperation
is not logic." Stevison v. State, 89 S.W. 1072, 1073 (Tex. Crim. App. 1905). A prosecutor should not
allow himself to be goaded into possible error by the antics of an unruly defendant. In this cause,
appellant's behavior before the jury spoke for itself. Given that behavior and the abundant evidence of
appellant's guilt, we conclude that the prosecutor's remark did not affect appellant's substantial rights and
was therefore harmless error at most. Tex. R. App. P. 44.2(b). Point of error three is overruled.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 31, 1998

Do Not Publish



utor continued, "I know--I'd like to give the jury just a little background and if you don't feel
comfortable in giving some of the details because I know that you fear for your safety." Appellant objected
to this remark, the objection was sustained, and the jury was instructed to disregard it. A motion for
mistrial was overruled.

It was improper for the prosecutor to imply without evidentiary support that the witness
had been frightened by appellant. See Johnson v. State, 662 S.W.2d 368, 369 (Tex. Crim. App. 1984);
Person v. State, 706 S.W.2d 153, 154 (Tex. App.--Houston [1st Dist.] 1986, no pet.). As a general
rule, however, any error in asking an improper question or admitting improper testimony will be cured or
rendered harmless by an instruction to disregard. Guzman v. State, 697 S.W.2d 404, 408 (Tex. Crim.
App. 1985). There is no basis in the record for concluding the district court's instruction to disregard was
not sufficient to cure the error here. Point of error one is overruled.

Appellant's second point of error alleges improper impeachment. During his own
testimony, appellant stated, "I don't do drugs. I don't like drugs . . . . I'm totally against the drug scene
over there in that area." During cross-examination, the prosecutor asked," [Y]ou also say that you don't
like drugs, you don't do drugs . . . . But yet you've been arrested for drugs?" Defense counsel objected
to the question, but not before appellant replied, "Not that I recollect." The objection was sustained and
the jury was instructed to disregard the question, but a motion for mistrial was overruled.

Mere arrests are generally inadmissible for impeachment. See Bell v. State, 620 S.W.2d
116, 125-26 (Tex. Crim. App. 1981) (opin. on reh.); Tex. R. Evid. 608(b). But a witness may open the
door for such impeachment by testifying that he has not been in trouble with the law, or that his testimony
regarding his criminal record is complete. Bell, 620 S.W.2d at 125-26. In this cause, appellant's
testimony that he does not approve of drugs and is "totally against the drug scene" opened the door for the
prosecutor to inquire about his drug-related arrest. Even if the door was not opened, we note that
appellant testified that he did not remember any drug arrest, the jury was instructed to disregard the
question, and the matter was not pursued. Under the circumstances, no reversible error is presented. Point
of error two is overruled.

Finally, appellant urges that the district court