Opinion issued August 31, 2005
























In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00196-CR




RAYMOND RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 938729




MEMORANDUM OPINION

          Appellant, Raymond Ramirez, was charged by indictment with aggravated
robbery, to which he pleaded not guilty. Tex. Pen. Code Ann. § 29.03 (Vernon
2003). A jury found appellant guilty, and the trial court assessed punishment at ten
years’ confinement.
          In three issues, appellant contends that (1) the evidence was factually
insufficient to support his conviction, (2) the trial court erred in overruling defense
counsel’s motion to withdraw, and (3) the trial court erred in denying appellant’s
motion for mistrial.
          We affirm.
BACKGROUND
          On December 23, 2002, a man entered the Cookoo Taqueria in Houston and
held the restaurant patrons at gunpoint. Appellant entered behind the gunman and
told everyone to get down on the floor. Appellant looked at patron Juan Antonio
Gomez and, in Spanish, said, “Get down, Juanio. Get down, Juanio.” Juanio was
Gomez’s nickname in the neighborhood. 
          The complainant, Refugio Barajas, was the owner of the restaurant and was in
his office when the men entered. One of the employees yelled to the complainant,
and the complainant came out to see the gunman propping the front door open with
his leg and pointing a gun at patrons at the front tables. The complainant looked for
his own gun, then froze in fear as he watched appellant grab the cash register and
drop it behind the counter. Appellant, who was wearing a hooded jacket and a
handkerchief over his nose and lower face, went around the counter and, when he
attempted to pick the register up, his handkerchief fell down, revealing his face. 
Gomez immediately recognized appellant as a man known as “Chimp,” who lived in
the neighborhood. The gunman held the door open as appellant carried the register
outside. Another man, waiting at a get-away car, helped appellant load it. The three
men left in the car.
          Officer J.J. Garcia, of the Houston Police Department, arrived within minutes.
Gomez reported that he knew one of the robbers. Later, Gomez picked appellant out
of a photospread. The complainant could not make any positive identifications. 
Although the events were captured on security video, the tape was not clear enough
to allow any identifications. 
          The jury was instructed on the law of parties. After returning a general verdict
of guilty, the jury was unable to agree on punishment. Appellant withdrew his 
election to have the jury assess punishment and asked the court to assess punishment
instead.
Factual Sufficiency
          In his second issue, appellant contends that the evidence was factually
insufficient to support his conviction because the State failed to put on evidence that
connected appellant to the robbery. Specifically, appellant argues that Gomez’s
testimony was insufficient to identify appellant as one of the robbers, and the State
failed to show that appellant was connected with the get-away car or possessed the
stolen property.
A.      Standard of Review
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). We must defer appropriately to the fact-finder to avoid substituting our judgment for its judgment. Zuniga, 144 S.W.3d at
481-82. Our evaluation may not intrude upon the fact-finder’s role as the sole judge
of the weight and credibility accorded any witness’s testimony. Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact-finder alone determines what
weight to place on contradictory testimonial evidence, as it depends on the fact-finder’s evaluation of credibility and demeanor. Id. at 408. In conducting a factual-sufficiency review, we must discuss the evidence that, according to appellant, most
undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 
 
B.      Aggravated Robbery
          The Penal Code provides, in pertinent part, that a person commits robbery if,
in the course of committing a theft and with intent to obtain or maintain control of
property, he intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (Vernon 2003). A
robbery becomes aggravated if, inter alia, the person uses or exhibits a deadly
weapon. Id. § 29.03.
          A person is criminally responsible as a party to the offense if the offense is
committed “by his own conduct, by the conduct of another for which he is criminally
responsible, or by both.” Tex. Pen. Code Ann. § 7.01(a) (Vernon 2003). Each party
to the offense may be charged with its commission. Id. § 7.01(b). A person is
criminally responsible for the conduct of another if, acting with the intent to promote
or assist the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid another person to commit the offense. Id. § 7.02(a)(2). 
C.      Analysis
          The evidence showed that Gomez identified appellant as one of the robbers
because Gomez had known appellant for several years prior to the robbery and
immediately recognized appellant when the handkerchief appellant wore fell from his
face during the robbery. Gomez testified that appellant lived in the neighborhood and
went by the nickname, “Chimp.” Gomez also testified that he and appellant used to
work together. The evidence shows that appellant lived in the neighborhood, less
than a mile from the restaurant. In addition, the evidence showed that, during the
robbery, appellant called Gomez by his nickname “Juanio.” Gomez testified that only
people who know him address him as “Juanio,” and Gomez recognized appellant’s
voice. 
          To contradict this testimony, appellant presented evidence that the complainant
was unable to positively identify appellant as one of the robbers. Appellant argues
that Gomez’s testimony was insufficient, on its own, to implicate appellant in the
robbery, or to prove that appellant is “Chimp.” However, the Court of Criminal
Appeals has held that testimony by a sole witness is sufficient to support a conviction. 
See Moore v. State, 446 S.W.2d 877, 878 (Tex. Crim. App. 1969) (concluding that
positive identification by single employee of store was sufficient to support
conviction for felony theft); see also Davis v. State, 831 S.W.2d 839, 842 (Tex.
App.—Dallas 1992, pet. ref’d) (concluding that identification by single witness was
sufficient to support aggravated-robbery conviction). Here, Gomez testified that he
was only a few feet away from appellant during the robbery. Gomez identified
appellant to Officer Garcia immediately after the robbery, then identified appellant
later from a police photo-spread, then identified him again in the courtroom during
trial.
          Appellant argues that there was no evidence that he was found in possession
of the get-away car or the stolen cash register after the robbery. However, Gomez
testified that he saw appellant personally exercise control over the cash register as it
was stolen from the complainant and saw appellant leave in the get-away car. No
proof that appellant was in possession of the get-away car or of the cash register
subsequent to the robbery was necessary.
          Further, Gomez testified that, leading up to the trial, appellant told him not to
testify, via messages conveyed through others. In addition, Gomez testified that a
person claiming to be an investigator for the defense approached him on the day of
trial and asked him to sign a form stating that he was mistaken when he identified
appellant as the person who committed the robbery. The Court of Criminal Appeals
has held that attempts by the accused to suppress a witness’s testimony tend to show
“consciousness of guilt.” Ransom v. State, 920 S.W.2d 288, 299 (Tex. Crim. App.
1996). 
          As the determiner of the credibility of the witnesses, the fact-finder may choose
to believe all, some, or none of the testimony presented by the complainant, Gomez,
or Officer Garcia. See Cain, 958 S.W.2d at 407; McKinny v. State, 76 S.W.3d 463,
468–69 (Tex. App.—Houston [1st Dist.] 2002, no pet.). We hold that the jury’s
verdict that appellant is the person who committed the robbery is not irrational, or
clearly wrong and manifestly unjust, or that the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. See Escamilla,
143 S.W.3d at 817.
          We overrule appellant’s second issue.
Mistrial
          In his third issue, appellant contends that the trial court erred in denying his
motion for mistrial because the prosecution’s closing argument included improper
statements that prejudiced the defense. 
          We review a trial court’s refusal to grant a mistrial for an abuse of discretion. 
Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). Permissible jury
argument must be restricted to (1) a summation of the evidence; (2) a reasonable
deduction from the evidence; (3) answering argument of opposing counsel; or (4) a
plea for law enforcement. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App.
2000). Argument outside these boundaries is in error, but reversal is required only
if, in light of the record as a whole, the argument is extremely or manifestly improper,
violates a mandatory statute, or injects new facts into the trial that are harmful to the
accused. Id. Generally, improper jury argument may be cured by an instruction to
disregard. Martinez v. State, 17 S.W.3d 677, 691 (Tex. Crim. App. 2000). Only in
extreme circumstances, when the prejudice is incurable, will a mistrial be required. 
Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).
          Specifically at issue are the following remarks by the prosecution in closing: 
“They talk about the burden of proof, the burden of proof, the burden of proof. You
didn’t hear from one alibi witness. That’s because there ain’t no alibi.” Defense
counsel objected, contending that these remarks improperly shifted the burden of
proof to the defense. The trial court sustained the objection and instructed the jury
to disregard the statements. Defense counsel moved for mistrial, which the trial court
denied.  
          Appellant contends that his motion for mistrial was improperly denied because 
“the prosecutor clearly intended to suggest that [appellant] was responsible for
providing witnesses to prove his innocence .” Appellant contends that these remarks
were “particularly egregious” because alibi was not at issue; rather, the credibility of
Gomez was the only argument made by the defense.
          The State counters that its remarks in closing were proper because they were
in response to defense counsel’s statement, “And finally, ladies and gentleman, yes,
I could have called witnesses. The burden is on the State.” The State argues that this
statement insinuated that defense witnesses existed, but that the defense simply chose
not to call them. 
          The Court of Criminal Appeals has held that “[i]t is always impermissible for
a prosecuting attorney to ask jurors to speculate on the law, the facts of the case, or
hypothetical defenses a defendant could have presented to a jury.” Garrett v. State,
632 S.W.2d 350, 351 (Tex. Crim. App. 1982). In addition, the prosecution may not
comment on a defendant’s failure to testify or present evidence of his innocence. Id.
at 351–52. However, an exception exists that allows the State to properly comment
on a failure of the defense to call competent and material witnesses when it is shown
that such witnesses were available to testify on behalf of the defendant, but were not
called by the defendant to testify. Id. at 353. 
          In Garrett, at issue was the prosecution’s comment in closing that the
defendant was “a man that if his friends and family could bring you an alibi [defense,
they] would [have].” Id. The Court of Criminal Appeals found that this statement
was not only outside the record but also constituted an improper allusion to the
defendant’s failure to testify because the State put on all of the witnesses who were
present during the robberies and there was no evidence before the jury that anyone
else was available. Id. The court found that “there was nothing whatsoever to reflect
that the appellant had any witnesses who could have testified to the defense of alibi.” 
Id. at 351. The court held that the comment clearly constituted trial error because the
defendant was the only person left who could have been in a position to testify as to
an alibi. Id. at 353. (explaining that “an implied or indirect allusion to the failure of
the accused to testify” is not enough to support error unless the comment calls “for
a denial of an assertion of fact . . . that only the defendant is in a position to offer”). 
           Here, the record shows that others were present during the robbery who were
not called. While defense counsel suggested that there may have been other
witnesses that he could have called, there was no evidence in the record to
affirmatively establish that alibi witnesses were available and not called. See
Williams v. State, 688 S.W.2d 486, 490 (Tex. Crim. App. 1985) (distinguishing
between witnesses shown by evidence to exist versus those who exist purely by
prosecution’s speculation). Hence, the exception does not apply and the prosecutor’s
argument was in error. See also Person v. State, 706 S.W.2d 153, 155 (Tex.
App.—Houston [1st Dist.] 1986, no pet.) (addressing prosecution’s “repeated
speculative ventures outside the record” when commenting on defendant’s failure to
call witnesses during punishment phase). 
          Because the trial court properly sustained appellant’s objection to the argument
and issued an instruction to disregard, the only adverse ruling at issue before us is
whether the trial court erred in its denial of the motion for mistrial. See Hawkins,
135 S.W.3d at 77. A harm analysis is conducted in light of the trial court’s curative
ruling. Id. We do not overturn a criminal conviction for non-constitutional error if,
after examining the record as a whole, we have fair assurance that the error did not
influence the jury or only had a slight effect. Tex. R. App. P. 44.2(b); Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). We consider (1) the severity of
the conduct, (2) the measures adopted to cure the misconduct, and (3) the certainty
of conviction absent the misconduct. Mosely v. State, 983 S.W.2d 249, 259 (Tex.
Crim. App. 1998).
          As to the first factor, the prosecution’s remarks, while an improper suggestion
that the defense carried the burden to provide evidence of innocence, appear to be an
isolated incident that could have been in response to the veiled suggestion by the
defense that key witnesses were deliberately withheld. The remarks were not the only
ones the jury heard on the matter of burden or the law; rather, the remarks came on
the heels of a lengthy discussion in defense’s closing as to the proper burden each
party carried. 
          As to second factor, the trial court properly sustained appellant’s objection and
immediately instructed the jury to disregard the remarks. See Hawkins, 135 S.W3d
at 84 (concluding that, when counsel asks for particular instruction and trial court
accedes, the instruction is generally considered effective to cure harm). Further, the
jury was properly instructed on the law and on each party’s burden in the charge. See
id. (considering charge as curative). 
          As to the third factor, appellant was positively identified by a witness who
personally knew him. The evidence was sufficient to support the conviction and an
isolated suggestion by the prosecution that appellant had a burden to prove his
innocence did not contribute to that conviction.
          In reviewing the record and balancing these factors, we conclude that the
remarks were not so extreme as to render the instruction to disregard ineffective. See
Martinez, 17 S.W.3d at 691; Sandoval v. State, 52 S.W.3d 851, 858 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d). We conclude that the trial court did not
abuse its discretion in denying the request for a mistrial.
          Appellant’s third issue is overruled.
Motion to Withdraw
          In his first issue, appellant contends that the trial court erred in overruling his
trial counsel’s motion to withdraw. Defense counsel presented a motion to withdraw
during trial on the grounds that counsel had become a material witness because he
had personal information about the veracity of the State’s main witness, Gomez.
          We review a trial court’s denial of a motion to withdraw for an abuse of
discretion. Brewer v. State, 649 S.W.2d 628, 631 (Tex. Crim. App. 1983). A trial
court abuses its discretion when it acts without guiding rules or principles. Robbins
v. State, 88 S.W.3d 256, 259–60 (Tex. Crim. App. 2002). We review the trial court’s
ruling in light of what was before the trial court at the time the ruling was made and
uphold the trial court’s judgment if it lies within the zone of reasonable disagreement. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).
          During the guilt phase, in a hearing outside the presence of the jury, defense
counsel established that he had spoken to Gomez in a private interview days before
trial. At issue is that Gomez’s testimony in the hearing allegedly conflicted with
Gomez’s statements in the interview, as follows:
          [Defense]:   Okay. But you told me that you identified Chimp,
not as a person who robbed you but as someone who
you knew, is that correct?
 
          [Gomez]:     No.
          [Defense]:   That is not what you said?
           [Gomez]:     No. . . . [Defense]:Okay. Again, specifically, you told me, yes or no, 
 that you picked Chimp out as a person who you 
 knew but he was not the person who had the gun 
 who robbed the place on December 23, 2002? Is 
 that what you told me?
 
[Gomez]:     No.
          Defense counsel alleged that, upon this testimony, an inherent conflict
developed because counsel was the only one who could testify concerning the
inconsistencies. Hence, counsel asserted, he became a material witness and was
forced to withdraw. The trial court denied defense counsel’s motion.
          On appeal, appellant contends that, because the motion was denied, defense
counsel “did not have an opportunity to testify and the jury was left with the false
impression that Gomez testified entirely truthfully.” However, defense counsel cross-examined Gomez concerning possible inconsistencies in his statements of
identification to police. In addition, defense counsel cross-examined Gomez
concerning statements of identification he made to the defense investigator in the
days before trial. Appellant has not shown how any inability of defense counsel to
testify presented a prejudicial situation that prevented counsel from zealously
representing him. See Brewer, 649 S.W.2d at 630–31. Further, appellant does not
contend that he was denied effective assistance of counsel. 
          We cannot conclude on these facts that the trial court acted arbitrarily or
unreasonably in denying defense counsel’s motion to withdraw.
          We overrule appellant’s first issue.
Conclusion
We affirm the judgment of the trial court. 
 


                                                   Laura Carter Higley
                                                   Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Chief Justice Radack, concurring.
Do not publish. Tex. R. App. P. 47.2(b).